CATHERINE GRAY, as Administratrix, etc., of EDWARD GRAY, Deceased, Respondent, *v.* H. H. VOUGHT & Co., Appellant, Impleaded with HENRY H. VOUGHT, a Partner of H. H. VOUGHT & Co., Appellant.

CATHERINE GRAY, as Administratrix, etc., of EDWARD GRAY, Deceased, Respondent, *v.* H. H. VOUGHT & Co., Defendant, Impleaded with HENRY H. VOUGHT and N. FRANK VOUGHT, as Partners, Doing Business under the Firm Name and Style of H. H. VOUGHT & Co., Appearing Specially, Appellants.

CATHERINE GRAY, as Administratrix, etc., of EDWARD GRAY, Deceased, Respondent, *v.* H. H. VOUGHT & Co., Defendant, Impleaded with HENRY H. VOUGHT and N. FRANK VOUGHT, as Partners, Doing Business under the Firm Name and Style of H. H. VOUGHT & Co., Appearing Specially, Appellants.

First Department, March 19, 1926.

**Parties** — action against alleged corporation to recover damages based on negligence — plaintiff was notified that defendant was partnership — answer did not constitute appearance by partnership under Civil Practice Act, § 237 — motion to amend summons and complaint by adding names of partners as defendants should have been denied — rule as to misnomer in title not applicable (Civil Practice Act, § 109) — part of order that case retain its place on calendar is improper as it cuts off partners' right to plead Statute of Limitations — proper practice was to appeal from order granting amendment and not motion to vacate.

In an action to recover damages based on negligence, which was brought against an alleged corporation, in which the attorneys for the alleged corporation informed the plaintiff that the corporation did not exist, but that the business was conducted by a partnership under the same name, it was error for the court to grant an order permitting the amendment of the summons and com-

plaint by adding the names of the partners as defendants, for the partners were not served with the summons and were never parties to the suit and did not appear in the action.

The answer by the alleged corporation which shows that the defendant is not a corporation but a partnership did not amount to an appearance within the meaning of section 237 of the Civil Practice Act.

Under the facts in this case, the rule that a misnomer or error in the title of the defendant will not defeat the plaintiff's right to amend under section 109 of the Civil Practice Act, cannot be invoked, for the members of the copartnership were never under the court's jurisdiction by pleading or appearance in the action.

New parties defendants brought in after the action is commenced have the right to avail themselves of the Statute of Limitations, if it is applicable, as it seems to be in this case, and, therefore, the provision in the order allowing the amendment to the effect that the position of the case on the calendar would not be affected by the amendment and that it would not be necessary to serve a new notice of trial was improper, for it deprives the new defendants of the right to plead as a bar to the action that the Statute of Limitations has become effective against the plaintiff's claim since the commencement of the action.

The reversal of the order involved in the first two appeals granting plaintiff's motion to bring in the members of the partnership as parties defendant nullifies the order involved in the third appeal denying a motion by the partners to vacate the first order, but, nevertheless, the decision below denying the application to vacate the first order was procedurally correct and should be affirmed, since the proper practice was an appeal from the order granting the amendment and not a virtual renewal of the motion by an application to vacate.

APPEAL by the defendant, H. H. Vought & Co., and by Henry H. Vought, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of November, 1925, granting plaintiff's motion to amend the summons and complaint by adding thereto the names of Henry H. Vought and N. Frank Vought as parties defendant.

Appeal by Henry H. Vought and another from said order, entered in said clerk's office on the 5th day of November, 1925, granting plaintiff's motion to amend the summons and complaint by adding thereto the names of Henry H. Vought and N. Frank Vought as parties defendant.

Appeal by Henry H. Vought and another from an order, entered in said clerk's office on the 4th day of February, 1926, denying their motion for an order vacating and setting aside said prior order granting plaintiff's motion to amend the summons and complaint by adding thereto the names of Henry H. Vought and N. Frank Vought as parties defendant.

*Grattan B. Shults* [*Theodore H. Lord* of counsel], appearing specially for the appellants Henry H. Vought and N. Frank Vought, as partners.

*Walter G. Evans*, for the appellants H. H. Vought & Co. and Henry H. Vought, a partner.

*Thomas J. O' Neill [William J. Hogan* of counsel; *Leonard F. Fish* with him on the brief], for the respondent.

McAVOY, J. These are three appeals from two separate orders which collectively involve the power of the court to amend the summons and complaint in an action against a defendant deemed at the time of the commencement of the action to be a corporation, which, it is conceded, does not exist, by bringing in as parties the individuals who composed a partnership of the same name, and providing that the proceedings already had should not affect the position of the case on the calendar and should not render it necessary to serve a new notice of trial.

The plaintiff brought an action to recover damages for the wrongful death of her intestate against H. H. Vought & Co., which the complaint alleges is a domestic corporation. This action was begun in August, 1921.

The supposed defendant, through its attorney, put in a verified answer with a form of corporate verification, except that the affiant altered the corporate verification form by setting forth that Henry H. Vought was one of the partners of H. H. Vought & Co., and the verification was not made by H. H. Vought & Co., because the defendant is a copartnership. Thereafter letters were sent in which the plaintiff's attorney was specifically notified that H. H. Vought & Co. was a copartnership and not a corporation and was improperly sued and the defendant concluded by offering to consent to discontinue the action or correct the error in any other way. The reply of the plaintiff's attorney asked for the names of the copartners and the firm name and style under which the firm did business. The information asked for was given and a second action was brought by the plaintiff against the partnership of H. H. Vought & Co., and that action is now pending.

However, the Statute of Limitations is pleaded against the action brought against the copartnership, and is probably available. The plaintiff delayed bringing the action against the copartnership two years after she was notified by letter that the defendant was not a corporation but a copartnership.

We think the order involved in the first two appeals was improperly granted, because the moving papers do not show that the summons was ever served on any of the members of the copartnership and hence none are parties to this suit, neither was any appearance ever served in their behalf, for the answer described above cannot be deemed an appearance in the action of the

copartnership in view of the Civil Practice Act's requirements for such a notice. (See Civ. Prac. Act, § 237.) In this state of facts, the rule that a misnomer or error in the title of the defendant will not defeat the plaintiff's right to amend cannot be invoked. (See Civ. Prac. Act, § 109.) The copartnership was never under the court's judicial power by pleading or appearance in this action.

An action was brought merely against an alleged corporation; the plaintiff was promptly notified that there was no such corporation and thereafter instituted an action against the partnership. The partnership has never been a party to the action in which this order was made until this amendment was granted in 1925. The accident upon which the suit is based happened in 1921.

The effect of this order was to bring a new party in, that is, a defendant who had never before been brought into court in this action. The action cannot be deemed to have been commenced against the copartnership defendant *nunc pro tunc.* The service of the amended process brought that defendant into the cause and such defendant cannot be deprived of the benefit of its plea of the Statute of Limitations if that be available. As to new parties brought in by an amendment, a suit is begun only when they are brought in by the amendment and the service of the amended process. If between the time of the commencement of the suit and the time when the new parties are brought in the period of limitation has expired, they may plead the statute in bar of their liability although the defense may not be available to the original defendants. Therefore, the provision of the order is erroneous which allowed the amendment to be made without affecting the position of the case on the calendar, *i. e.,* without further pleading of defendant, and which rendered it unnecessary to serve a new notice of trial. These provisos would prevent a plea of the statute by the new defendants and would obviously deprive them of a substantial right. In any event, we think that the order involved in the first two appeals should be reversed because of the laches of plaintiff in proceeding against the copartnership. The second order involved in the third appeal denied a motion to vacate the other order which amended the summons and complaint as heretofore described. The effect of this order is nullified by the reversal of the order involved in the first two appeals but the decision below on the application was procedurally correct, and, therefore, it should be affirmed, as the practice indicated was an appeal from the order amending the process and not a virtual renewal of the motion by application to vacate the order entered thereon.

The order, involved in the first two appeals, granting the motion to amend the summons and complaint should be reversed, with

ten dollars costs and disbursements, and the motion denied, with ten dollars costs, and the second order involved in the third appeal should be affirmed, with ten dollars costs and disbursements.

DOWLING, MERRELL, FINCH and MARTIN, JJ., concur.

On each of first two appeals: Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

On third appeal: Order affirmed, with ten dollars costs and disbursements.