Walter R. Hart, J.
This action was commenced on June 12, 1957 by the service of a summons wherein the City of New York was named as the sole defendant. Issue was thereafter joined on November 4,1957. In May, 1959 plaintiffs ascertained that the Giaquinto Contracting Corp. was responsible for the work in the public highway which it is claimed was negligently performed and created a condition of danger causing the injuries sustained by plaintiffs on November 14, 1956.
On May 25, 1959 plaintiffs served a summons on defendant Giaquinto Contracting Corp. naming it, and the City of New York, as defendants. No new process was served on the City of New York. By oral stipulation the time for defendant to appear was extended to August 27, 1959, at which time a notice of appearance was filed. Thereafter, a complaint was served purporting to allege causes of action in which facts are set *837 forth indicating liability of the city and Giaquinto as joint tort-feasors.
Defendant Giaquinto Contracting Corp. presently moves for an order striking out its name as a party defendant or requiring plaintiffs to serve an amended complaint wherein its name is omitted or for an order dismissing the complaint. The motion is predicated on the contention that plaintiffs without leave of the court have served a supplemental complaint (though not designated as such) and that therefore it is dismissible. Assuming arguendo that the complaint were a supplemental complaint issued without leave of the court same would be dismissible (Civ. Prac., Act § 192; Pittman v. March Service Co. 141 N. Y. S. 2d 74) particularly at the behest of this defendant who, in the first instance, would not be entitled to notice of the application for leave to serve the supplemental complaint (Schultze v. Ocean Acc. & Guar. Corp., 239 App. Div. 309). Nor is there any merit to defendant’s contention that substantial rights are involved which contention is predicated on the theory that a dismissal would bar plaintiffs’ recovery because of the Statute of Limitations. A dismissal here would not be on the merits and the action can be renewed within a year thereafter (Civ. Prac. Act, § 23).
Plaintiffs ’ position that the action in which the moving party is named as a defendant is a separate and distinct one is correct. No new process or pleading was served on the city. The allegations in the complaint with respect to the city may be considered surplusage. Plaintiffs’ application for affirmative relief appearing in the affidavit in opposition to the instant motion, is denied without prejudice to a renewal on proper papers and notice to all parties for a consolidation of the actions or such other relief as the plaintiffs may be advised.
Defendant is afforded 10 days for the service of an answer.
Settle order on notice.