Mark A. Costantino, J.
Motion by defendant Giaquinto Contracting Corp., hereinafter referred to as Giaquinto, to dismiss the amended complaint on the ground that the cause of action set forth therein did not accrue as against it within the time limited for the commencement of this action (Rules Civ. Prae,, rule 107, subd. 5). Plaintiffs cross-move to strike the affirmative defense of the Statute of Limitations from the said defendant’s answer on the ground it is frivolous.
The complaint alleges plaintiffs suffered personal injuries on September 15,1956 as a result of a defective and dangerous condition of a public highway. The action was originally commenced against the defendant City of New York alone by service of the summons and complaint on it on June 12, 1957 and issue was joined on November 4,1957. In May, 1959 plaintiffs ascertained that defendant Giaquinto was responsible for the work on the highway. On May 25,1959 plaintiffs served a summons on Giaquinto naming it and the city as defendants. Subsequently a complaint was served purporting to allege causes of action against both defendants as joint tort-feasors, Defendant Giaquinto moved at Special Term for an order striking out the name of Giaquinto as a party defendant or, in the alternative, for an order requiring plaintiffs to serve an amended complaint omitting Giaquinto as a party defendant or an order dismissing the action against Giaquinto upon the ground that Giaquinto had not been properly added as a party defendant. The motion was in all respects denied and the denial affirmed by the Appellate Division of this Department, without prejudice to a motion at Special Term for leave to add Giaquinto as a party defendant, to serve a supplemental summons upon it, and to serve an amended complaint upon it and the defendant city, [21 Misc 2d 836, affd. 15 A D 2d 927; Civ. Prae. Act, §§ 192, 193; Rules Civ. Prae., rule 102, subd, 2.] Thereafter plaintiffs so moved, the motion was granted, and an order entered thereon on April 16, 1962. Defendant Giaquinto was served with a supplemental summons and amended complaint on April 30, 1962. Defendant’s answer to the amended complaint pleaded the Statute of Limitations as an affirmative defense.
Plaintiffs oppose the motion on the ground that Special Term and the Appellate Division of this Department have ruled that defendant’s contention is without merit and that the question of the Statute of Limitations is res judicata and that it must be held that this action was commenced against Giaquinto in May, *92 1959 — within the time provided by subdivision 6 of section 49 of the Civil Practice Act for the commencement of an action for a cause set forth in the complaint herein.
Plaintiffs’ opposition is without merit. The Appellate Division, while affirming the decision of Special Term which denied Giaquinto’s motion for certain relief, did not hold, as was stated by Special Term, that the action, wherein Giaquinto was served with a summons without leave of the court, was a separate and distinct action. Had the Appellate Division so held it would not have been necessary to provide in its decision authorization for plaintiffs to move at Special Term for leave to add Giaquinto as a defendant and to serve a supplemental summons and amended complaint on it. Likewise, with respect to Special Term’s reference to the effect of a dismissal of the action and the provisions of section 23 of the Civil Practice Act, and plaintiffs’ contention that by reason of the decision and the affirmance the question of the Statute of Limitations is res judicata, is without merit. There was no issue as to the Statute of Limitations before either Special Term or the Appellate Division, nor could there be, since no answer had been served in the previous action and such defense was not before either court.
Where several persons are jointly liable and suit is brought against a part only of such persons, the court has the power under section 192 of the Civil Practice Act to bring in additional parties to a suit, but “As to new parties brought in * * * a suit is begun only when they are brought in by the * * * service of the amended process. If between the time of the commencement of the suit and the time when the new parties are brought in the period of limitation has expired, they may plead the statute in bar of their liability although the defense may not be available to the original defendants.” (Gray v. Vought & Co., 216 App. Div. 230, 233; Shaw v. Cock, 78 N. Y. 194; Arnold v. Mayal Realty Co., 299 N. Y. 57.)
The action having been commenced against Giaquinto by service of the supplemental summons on April 30, 1962, more than three years after the cause of action accrued, the action is barred by the Statute of limitations (Boyd v. United States Mtge. & Trust Co., 187 N. Y. 262, 269; Ginas v. Loew’s, Inc., 190 Misc. 884).
The motion to dismiss the complaint is granted as to defendant Giaquinto. In view of the disposition made herein on the main motion, the cross motion becomes academic.