FRANK POLIZZANO, Respondent, v. GOTHAM CONSTRUCTION CORP. et al., Appellants.

GOTHAM CONSTRUCTION CORP., Third-Party Plaintiff, v. BARNABY CONCRETE CORP. et al., Third-Party Defendants.

First Department, February 28, 1975.

*Sidney Advocate* of counsel *(Julius Gantman,* attorney), for Gotham Construction Corp. and another, appellants.

*Howard Fishkin* of counsel *(Zimmerman & Zimmerman,* attorneys), for respondent.

MURPHY, J.  The instant personal injury action allegedly arose out of a construction accident which occurred on November 18, 1964, during the course of plaintiff's employment as a bricklayer by the third-party defendant Concourse Contracting Corp.

The suit was commenced by the service of a summons, with notice, on one Tucker, the purported secretary of appellant Gotham Construction Corp. (" Gotham "). Following the service of a notice of appearance by said defendant, a complaint was served alleging, upon information and belief, that Gotham was the " builder ", the " general contractor " and the " builder and/or general contractor " of the building.  Gotham's answer, served on November 3, 1965, denied the aforesaid allegations, admitting only, insofar as here pertinent, that the building in question was under construction.

Plaintiff's action against Gotham then proceeded in normal course with a bill of particulars served in August, 1968, and a note of issue and statement of readiness served and filed in December, 1969.

In April, 1970, after deposing Gotham, plaintiff claims he first learned that the general contractor was M. T. Development Corp. (" Development "). Nevertheless, no action was taken by plaintiff to bring Development into the case, or to seek appropriate relief, until February, 1974, when the instant motion was made below for leave to serve an amended summons and complaint adding Development as a party defendant.  Special Term, though noting plaintiff's delinquency in making the application, granted such relief in " the interests of justice ".  We disagree.

While it does appear that Gotham and Development share the same office space and certain employees, each corporation is separate and distinct, with only one stockholder common to both.  On the record before us there is no evidence, or even claim, that one company is the parent of the other, or that the

companies are so intertwined, financially or otherwise, as to be inseparable. And Development's denial that Tucker was ever one of its officers is uncontradicted by the record.

Under the circumstances of this case it is insufficient to merely allege that plaintiff always intended to sue the general contractor of the building. The Statute of Limitations against Development has run and the effect of the order on appeal is to deprive said appellant of the benefit of such plea. (Cf. *Gray* v. *Vought & Co.*, 216 App. Div. 230.)

The instant situation is not, in our view, comparable to one involving merely a misnomer, where an unserved party was fairly apprised that it was the intended defendant and the omission can be corrected without prejudicing a substantial right. (*Stuyvesant* v. *Weil*, 167 N. Y. 421; *Ryan* v. *Nationwide Mut. Ins. Co.*, 20 A D 2d 270.)

Significantly, the proposed amended complaint seeks to add an additional party defendant and not to merely substitute Development for Gotham. And the amended complaint served pleads causes of action against both Gotham and Development. Since, as above noted, Development is a separate and distinct corporation and plaintiff has failed to establish that they are essentially the same in different guises, jurisdiction over Development was never established and the order on appeal was, therefore, improperly granted. (*Gray* v. *Vought & Co., supra*; *Sammatano* v. *Brooklyn City R. R. Co.*, 238 App. Div. 808.)

Additionally, we believe the motion should have been denied because of plaintiff's gross laches. On joinder of issue in 1965 plaintiff was advised that Gotham denied being the builder or general contractor of the building. Nevertheless, plaintiff failed to investigate the substance of such denials for five years, until it deposed Gotham and was advised that Development was the general contractor. Plaintiff then waited almost four more years before seeking any relief. Such unexplained and unjustified delay cannot be countenanced.

Accordingly, the order of Supreme Court, New York County (PICARIELLO, J.), entered March 6, 1974, granting plaintiff's motion to add M. T. Development Corp. as a party defendant, should be reversed, on the law, and said motion denied, with costs.

KUPFERMAN, J. (dissenting). There can be no claim here by the defendants of surprise or detrimental reliance. It was quite clear that the plaintiff sought to hold the "builder" or "general contractor" and named and served possibly the wrong

corporation. These two corporations had the same stockholder and the same office and employees. It was not until 1970 that the possible error was discovered during an examination before trial, so we are met with an almost four-year delay in the making of a necessary procedural motion.

While the majority decision should alert the Bar to the need for prompt action, law office laches does not in every case deprive a client with a meritorious claim of the opportunity to attempt to sustain his cause of action. The exercise of discretion by the court at Special Term in granting the late motion to amend the summons and complaint to add the additional corporate party defendant, should not be disturbed as such, although we would impose costs of $250 on plaintiff's counsel, payable to the defendant as a sanction because of the delay. (*Newell* v. *Lane*, 45 A D 2d 704 [1st Dept., 1974].)

LUPIANO and CAPOZZOLI, JJ., concur with MURPHY, J., McGIVERN, P. J., and KUPFERMAN, J., dissent in an opinion by KUPFERMAN, J.

Order, Supreme Court, New York County entered on March 6, 1974, reversed, on the law, and plaintiff's motion denied. Appellants shall recover of respondent $40 costs and disbursements of this appeal.