JOHN FINTON STEVENS v. STEPHEN H. NIMOCKS AND JOHN TAYLOR, INDIVIDUALLY, AND D/B/A NIMOCKS AND TAYLOR, AND NIMOCKS AND TAYLOR, A PARTNERSHIP

No. 8512SC1047

(Filed 5 August 1986)

**1. Partnership § 6— verification of answer as partner—no individual liability**

Defendant's motion for summary judgment based on the statute of limitations was properly granted in a malpractice action in which defendant was sued only as a member of a partnership and his partner was sued individually and as a partner where the claim against the other attorney was discharged in bankruptcy, plaintiff amended his complaint to add defendant as an individual after the running of the statute of limitations, and defendant had verified the original answer within the period of the statute of limitations. Defendant's verification of the original answer when he was sued in his partnership capacity does not subject him to individual liability. N.C.G.S. § 59-45, N.C.G.S. 1A-1, Rule 4(j)(7)b.

Stevens v. Nimocks

2. **Limitation of Actions § 12.3— defendant sued as partner within statute of limitations—added as individual after running of statute of limitations—no relation back**

    An amendment to plaintiff's complaint adding defendant individually did not relate back to the filing of the original action and was barred by the statute of limitations where defendant was not added as an individual until more than seven years after the alleged acts of his former partner, who had since been discharged in bankruptcy. The amendment which added defendant was tantamount to the addition of a new party. N.C.G.S. § 1A-1, Rule 15(c).

APPEAL by plaintiff from *Farmer, Judge.* Judgment entered 22 April 1985 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 4 March 1986.

*John H. Bisbee and Barry Nakell for plaintiff appellant.*

*Boyce, Mitchell, Burns & Smith by Robert E. Smith for defendant appellee Taylor.*

COZORT, Judge.

On 27 August 1980 plaintiff instituted this malpractice action by filing a complaint against Steven H. Nimocks, individually, and Nimocks and Taylor, a partnership. At the time of the institution of this action, the partnership had ceased to exist. The complaint alleged that defendants negligently and improperly advised the plaintiff to plead guilty to a charge of armed robbery in 1977. The complaint was served on defendant, Stephen H. Nimocks and on the defendant partnership by service on Stephen H. Nimocks. The original action was not brought against John Taylor as an individual. Summons was never issued against Taylor in the original action. On 24 October 1980 the defendants filed a verified answer signed by Stephen N. Nimocks and John Taylor. On 24 May 1984 a motion to dismiss defendant Nimocks was granted because the plaintiff's contingent claim against Nimocks had been discharged in bankruptcy. On 26 November 1984 plaintiff made a motion to amend his complaint to add John Taylor individually as a party-defendant. The plaintiff's motion to amend was allowed and the amended complaint was served on Taylor on 22 January 1985. Defendant Taylor moved for summary judgment alleging that the plaintiff's cause of action against him was barred by the statute of limitations contained in G.S. 1-15(c). The trial court allowed Taylor's motion for summary judgment finding plaintiff's

cause of action against defendant Taylor was barred by the statute of limitations. Plaintiff appealed. We affirm.

Plaintiff asserts three arguments on appeal: (1) that by verifying the answer in the original action in 1980, Taylor appeared in his individual capacity, thus tolling the statute of limitations; (2) that the amendment of the complaint to add the name of Taylor, individually, as a defendant related back to the filing of the original complaint to satisfy the statute of limitations; and (3) that Taylor, because of his actual notice of this lawsuit and participation in the defense of the action, should be estopped from asserting the statute of limitations as a bar to the action.

[1] We note initially that this is not a matter of misnomer or misdescription of the defendant. Plaintiff admits that he never intended to sue defendant Taylor individually, electing instead to sue Taylor as a partner. Plaintiff sued Taylor individually and served him with process only after the trial court dismissed his action as to defendant Nimocks.

It is well established that each partner in a partnership is jointly and severally liable for a tort committed in the course of the partnership business, and the injured party may sue all members of the partnership or any one of them at his election. *See* G.S. 59-45; *Dwiggins v. Parkway Bus Co.*, 230 N.C. 234, 52 S.E. 2d 892 (1949); *Shelton v. Fairley*, 72 N.C. App. 1, 323 S.E. 2d 410 (1984), *disc. review denied*, 313 N.C. 509, 329 S.E. 2d 394 (1985). But a partner who is not served with summons is not bound beyond his partnership assets. *Dwiggins, supra*; G.S. 1A-1, Rule 4(j)(7)b. The purpose of this rule is to provide notice of the commencement of an action to the individual partner so that he may protect his interests and "to provide a ritual that marks the court's assertion of jurisdiction over the lawsuit. (Citations omitted.)" *Harris v. Maready*, 311 N.C. 536, 541-42, 319 S.E. 2d 912, 916 (1984).

Plaintiff contends that the defendant Taylor, by verifying the answer in the original action, subjected himself to individual liability. We disagree. Taylor's verification of the original answer was not required by G.S. 1A-1, Rule 11. At the time of the verification Taylor was being sued in his partnership capacity, and his verification was in his capacity as a member of the partnership. Actual notice of a suit against the partnership will not cure the

requirement that a partner must be served with a summons to be held individually liable. *Shelton v. Fairley, supra,* at 3-4, 323 S.E. 2d at 413; *see Blue Ridge Electric Membership Corp. v. Grannis Brothers,* 231 N.C. 716, 720, 58 S.E. 2d 748, 751-52 (1950) (general appearance on behalf of a purported corporation cannot be construed as a general appearance on behalf of a partnership, none of whose members are a party to the action). We hold that the defendant's verification of the original answer where he was sued in his partnership capacity does not subject him to individual liability.

[2] Plaintiff next contends that the amendment of the complaint to add Taylor individually as a defendant relates back to the filing of the original complaint, thus satisfying the statute of limitations. The statute of limitations is a defense to the plaintiff's action against Taylor unless "relation back" occurs. In the case *sub judice,* the trial court allowed plaintiff's motion to amend to add John Taylor as a defendant; however, the trial court stated that "in entering this order the court has not considered any defenses available to John Taylor." The trial court's granting the motion to amend did not preclude its later considering the defense of the statute of limitations.

G.S. 1A-1, Rule 15(c) provides:

> *Relation back of amendments.—* A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.

" 'The amended pleading will therefore relate back if the new pleading merely amplifies the old cause of action, or now even if the new pleading constitutes a new cause of action, provided that the defending party had originally been placed on notice of the events involved.' " *Burcl v. Hospital,* 306 N.C. 214, 224, 293 S.E. 2d 85, 91 (1982), *quoting,* Wachtell, *New York Practice under the CPLR* 141 (1963). In *Callicutt v. Honda Motor Co.,* 37 N.C. App. 210, 245 S.E. 2d 558 (1978), we discussed the issue of whether an amendment to add an additional party-defendant should be granted and whether "relation back" should apply:

While we find no North Carolina cases under the Rules of Civil Procedure on this point, we find a number of Federal cases to which we look for guidance. The established rule is that,

> 'If the effect of the proposed amendment is merely to correct the name of a party already in court, clearly there is no prejudice in allowing the amendment, even though it relates back to the date of the original complaint. (Citations omitted.)

> On the other hand, if the effect of the amendment is to substitute for the defendant a new party, or add another party, such amendment amounts to a new and independent clause (*sic*) of action and cannot be permitted when the statute of limitations has run. (Citations omitted) * * *' *Kerner v. Rockmill*, 111 F. Supp. 150 (1953). See also *Sanders v. Metzger*, 66 F. Supp. 262 (1946).

*Id*. at 212, 245 S.E. 2d at 560.

Our research reveals no North Carolina cases which deal with the precise issue presented by this appeal. Since North Carolina Rule 15(c) is modeled after Sec. 203(e) of the New York Civil Practice Law and Rules, New York decisions provide guidance for relation back in North Carolina. *Shuford*, N.C. Civ. Prac. & Proc. Sec. 15-8 (2d ed. 1981). Likewise, federal decisions considering the question of whether the original pleading gave notice of a claim set forth in the amended pleading should provide enlightenment. *Shuford, supra.*

As a general rule, where a suit is timely brought against a partnership, and individual partners are brought in by amendment after the period of the statute of limitations has run, the statute constitutes a bar as to the partners. 51 Am. Jur. 2d, *Limitations of Actions*, Sec. 282 (1970); *Blue Ridge Electric Membership Corp., supra*, at 721, 58 S.E. 2d at 751. New York courts have held that where a partnership was erroneously sued as a corporation, plaintiffs could not amend the complaint to bring in individual partners who were never served with process and never appeared in the action. *Gray v. H. H. Vought & Co.*, 216 A.D. 230, 214 N.Y.S. 765 (1926). In *Gray*, the court also found that verifica-

tion of the answer with a corporate verification, wherein the defendants stated that they were a partnership, did not constitute an appearance by the partners. The court went on to hold that the plaintiff, who waited two years after learning of the existence of the partnership to bring in the defendants as individual partners, was guilty of laches. *Id.*

The federal courts have adopted a three-pronged test for determining whether a party-defendant may be added after the statute of limitations has run.

> Rule 15(c) of the Federal Rules of Civil Procedure governs the relation back of amended pleadings involving new parties. The rule includes three prerequisites which must be satisfied before an amendment changing the party against whom a claim is asserted relates back to the date when the original complaint was filed:
>
> (1) the claim alleged in the amended complaint must arise out of the same occurrence set forth in the original pleadings;
>
> (2) within the period provided by law for commencing the action against him, the party to be substituted by amendment has received such "notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits"; and
>
> (3) within the period provided by law for commencing the action against him, the party to be substituted by amendment knew or should have known that, but for a "mistake" concerning the identity of the proper party, the suit would have been brought against him.

*Norton v. International Harvester Co.*, 627 F. 2d 18, 20 (7th Cir. 1980), *citing Simmons v. Fenton*, 480 F. 2d 133, 136 (7th Cir. 1973).

In *Norton, supra,* plaintiff sued the manufacturer of a tractor-trailer, International Harvester, alleging that the levershaft of a truck's steering gear mechanism was defective, and the defect caused an accident resulting in death. TRW manufactured the allegedly defective levershaft. After the applicable statute of limitations had run, plaintiff sought to add TRW as a defendant. The trial court allowed the amendment, despite TRW's objection that the statute of limitations barred the amendment. TRW appealed.

Reviewing the three prerequisites for relation back, the Seventh Circuit Court of Appeals found that the first prerequisite had been met because the amended complaint set forth claims arising out of the same occurrence. With regard to the second prerequisite, that within the applicable statute of limitations the party has received notice of the action so that his right to defense will not be prejudiced, the court stated:

> [P]rejudice within the meaning of the rule is prima facially established where a party named as an additional defendant in the amended complaint is deprived of the defense of the statute of limitations. *Simmons v. Fenton, supra.* Such prejudice may not come into existence, however, if the added defendant has had sufficient notice of the institution of the action, whether formal or informal, within the limitations period or if a sufficient identity of interest exists between the new defendant and the original one so that relation back would not be prejudicial.

*Norton, supra,* at 20-21. The court found that TRW did not receive actual notice of the suit until after the applicable statute of limitations had run, although TRW had notice of the incident prior to the running of the limitation period. In addition, the court found that, even though TRW was aware of the original complaint before the statute of limitations had run, the complaint did not allege negligence or carelessness in the manufacturing of the steering mechanism itself or name TRW as the manufacturer of the steering gear. The court concluded that although TRW was aware of the pending suit against International Harvester, TRW did not have sufficient notice that it might be named as a defendant. The court also concluded that no "identity of interest" existed between TRW and International Harvester so as to insure that TRW had adequate notice of the suit within the statute of limitations.

In applying the third prerequisite the court stated:

> Rule 15(c)(2) permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake . . . . Thus, in the absence of a mistake in the identification of the proper party, it is irrelevant for the purposes of Rule 15(c)(2) whether or not the purported

Stevens v. Nimocks

substitute party knew or should have known that the action would have been brought against him.

*Id.* at 22, *quoting Wood v. Worachek*, 618 F. 2d 1225, 1236 (7th Cir. 1980). The court concluded that the plaintiff was not mistaken concerning the identify of TRW; rather, the record indicated that the plaintiff knew the TRW manufactured the defective gear mechanism prior to filing the original complaint and the expiration of the statute of limitations. Plaintiff Norton never alleged she made a mistake or offered any explanation for the three-year delay in naming TRW as a defendant. Thus, the third prerequisite was not met.

Under the facts of this case and with the foregoing legal principles in mind, we conclude that the amendment which added the defendant Taylor was tantamount to the addition of a new party. Although Taylor had knowledge of the original action prior to the running of the three-year statute of limitations, this knowledge alone will not subject him to individual liability after the running of the statute of limitations. The plaintiff in this action chose not to sue Taylor individually in the original action. In 1982, Taylor's former partner was adjudicated bankrupt and the plaintiff's claim against him was discharged in bankruptcy. Plaintiff waited until November of 1984 to add Taylor, more than seven years after the alleged tortious acts of Taylor's former partner occurred. Taylor was clearly prejudiced by this delay. Taylor's participation in this suit as a partner did not mislead the plaintiff in regard to his liability in the suit. We decline to hold that a partner who participates in a malpractice suit by acquainting himself with the facts of the pending suit and notifying his insurance carrier of the suit subjects himself to individual liability when the Rules of Civil Procedure require that he be served with process individually before being held individually liable. Thus, we hold that the plaintiff's amendment adding Taylor individually does not relate back to the filing of the original action and is thus barred by the statute of limitations. The trial court properly granted summary judgment.

Affirmed.

Judges WELLS and WHICHARD concur.