## GEORGE W. KANE, INC. v. BOLIN CREEK WEST ASSOC.

[95 N.C. App. 135 (1989)]

GEORGE W. KANE, INC., PLAINTIFF v. BOLIN CREEK WEST ASSOCIATES, A NORTH CAROLINA LIMITED PARTNERSHIP; ALAN E. RIMER, ARTHUR R. COGSWELL, WERNER HAUSLER AND RAYMOND H. LANGE, INDIVIDUALLY AND AS GENERAL PARTNERS OF BOLIN CREEK WEST ASSOCIATES, DEFENDANTS

No. 8814SC1344

(Filed 15 August 1989)

1. **Arbitration and Award § 7— partners not named in arbitration proceeding—individual liability for award**

     The former general partners of a limited partnership could be held jointly and severally liable for an arbitration award against the limited partnership, although they were not named individually as parties to the arbitration proceeding, where plaintiff sued the partnership and the former partners both individually and in their representative capacity, and the prayer for relief asked for enforcement of the arbitration award against all defendants jointly and severally; the former partners were thus aware that plaintiff's complaint sought to hold them individually liable for any arbitration award; and, with this knowledge, the former partners filed an answer requesting that plaintiff's action be stayed pending determination of the claims in the arbitration proceeding.

2. **Estoppel § 4.3— equitable estoppel to deny joint and several liability**

     The former general partners of a limited partnership are equitably estopped from denying joint and several liability for an arbitration award against the partnership where they were aware that plaintiff's complaint sought to hold them individually liable for any arbitration award, and the general partners requested in their answer that the action be stayed and that the court order arbitration of all matters raised in plaintiff's complaint.

APPEAL by defendants from Order of *Judge Thomas H. Lee,* entered 4 August 1988 in DURHAM County Superior Court. Heard in the Court of Appeals 8 June 1989.

GEORGE W. KANE, INC. v. BOLIN CREEK WEST ASSOC.

[95 N.C. App. 135 (1989)]

*Mount White Hutson & Carden, P.A., by Stephanie C. Powell, for plaintiff appellee.*

*Poyner & Spruill, by David W. Long, Susan K. Nichols, Kenneth L. Burgess, Mary Beth Johnston, and Donna Richter, for defendant appellants.*

COZORT, Judge.

This appeal is from an Order of the Superior Court enforcing an arbitration award against general partners who were removed as partners while the arbitration proceeding was pending. We find that the former general partners were allowed to participate at the arbitration hearing, and we affirm the trial court's Order. The facts follow.

Plaintiff contracted to build an office building for defendants. A dispute arose concerning the amount plaintiff was owed under the parties' contract. Under their agreement arbitration of all disputes was required.

In June 1986, the plaintiff filed a demand for arbitration against defendant Bolin Creek West Associates (Bolin Creek), a North Carolina Limited Partnership. The partnership asserted a counterclaim in arbitration. The four general partners of defendant Bolin Creek are the individual defendants named in this action. The individual defendants/general partners were not named as parties to the arbitration proceeding plaintiff filed against defendant Bolin Creek.

In the summer of 1986, defendant Bolin Creek filed suit in the United States District Court seeking to remove the individual defendants as general partners of the partnership. The federal magistrate recommended that the individual defendants be enjoined from acting as general partners and be required to follow the removal provisions of the partnership agreement. His findings and recommendation were adopted by the District Court. The magistrate specifically found, however, that, even if the individual defendants were removed as general partners, they retained sufficient interest in the arbitration with plaintiff to participate in it, since each individual defendant would be absolved of liability if the partnership won the arbitration.

In January of 1987, plaintiff filed this action, which requested payment on various promissory notes. Plaintiff also requested a

GEORGE W. KANE, INC. v. BOLIN CREEK WEST ASSOC.

[95 N.C. App. 135 (1989)]

stay of the action until after the arbitration and further requested enforcement of the arbitration award. The individual general partners were named as defendants in their individual capacity and in their representative capacity, along with the defendant Bolin Creek.

The defendant Bolin Creek and the individual defendants/general partners answered and moved to stay the proceedings and to compel arbitration. Defendants stated in their answer that no partners could be liable to plaintiff unless the partnership itself was liable to plaintiff. They further stated that, pending determination of the partnership's liability in arbitration, plaintiff's suit against any individual partner was barred.

The arbitration proceeding was held in May 1987. In June, the arbitration panel awarded plaintiff $439,735.80, plus interest, fees and costs. The partnership was awarded nothing on its counterclaim. Plaintiff then moved to have the arbitration award confirmed by the trial court and gave notice of the motion to the partnership and the individual defendants. The trial court confirmed the arbitration award against the partnership.

Plaintiff moved for summary judgment to hold the individual defendants jointly and severally liable under the arbitration award. The trial court granted summary judgment for plaintiff. From that Order the individual defendants appeal.

Summary judgment is proper when there is no genuine issue of material fact and when the movant is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (1988).

[1] Defendants contend on appeal that they had no notice of the arbitration proceeding since they were not named as parties in that proceeding. Citing *Stevens v. Nimocks*, 82 N.C. App. 350, 346 S.E.2d 180, *cert. denied*, 318 N.C. 511, 349 S.E.2d 873 (1986), defendants argue that plaintiff's judgment binds them only to the extent of the partnership assets and not jointly and severally on the partnership's debt because they were not named individually in the arbitration proceeding. In *Stevens* we noted that "[a]ctual notice of a suit against the partnership will not cure the requirement that a partner must be served with a summons to be held individually liable." *Id.* at 352-53, 346 S.E.2d at 181. Defendants argue that nothing in plaintiff's demand for arbitration put defendants on notice that plaintiff sought to impose on them individual liability. We find *Stevens* distinguishable.

GEORGE W. KANE, INC. v. BOLIN CREEK WEST ASSOC.

[95 N.C. App. 135 (1989)]

In *Stevens*, plaintiff sued a law partnership and one of two partners individually. After the claim against the partner named individually was dismissed, Stevens attempted to amend his complaint, after the statute of limitations had expired, to name the other law partner individually. This Court affirmed summary judgment for the unnamed partner, holding that he had not been sued individually. He had no opportunity to protect his individual interests. By the time he was on notice individually, the statute of limitations had expired.

In this case, defendants were sued individually, and the prayer for relief asked for enforcement of the arbitration award against all defendants, including the individual defendants, *jointly and severally*. Thus, the individual defendants were on notice that plaintiff's complaint sought to hold them liable for any award made in the arbitration. With that knowledge, the defendants filed an answer requesting that this action be stayed pending determination of the claims in the arbitration proceeding. Therefore, defendants were on notice that the arbitration proceeding would affect them *individually*, and not only as partners, as was the case in *Stevens*.

[2]  We further find that defendants should be equitably estopped from denying joint and several liability. Our Supreme Court has stated:

> "Equitable estoppel is defined as the effect of the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed, either of property, of contract, or of remedy, as against another person who in good faith relied upon such conduct, and has been led thereby to change his position for the worse, and who on his part acquires some corresponding right either of contract or of remedy. This estoppel arises when one by his acts, representations, or admissions, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist and such other rightfully relies and acts on such belief, so that he will be prejudiced if the former is permitted to deny the existence of such facts."

*American Exchange Nat'l Bank v. Winder*, 198 N.C. 18, 20, 150 S.E. 489, 491 (1929) (quoting 21 C.J., 1113, sec. 116).

Estoppel principles are appropriately applied in this case because defendants specifically requested in their answer that this action

be stayed and that the court order arbitration of all matters raised in plaintiff's complaint. Defendants cannot now complain that they are bound by the arbitration that they requested.

We also find no merit to defendants' argument that they had no opportunity to be heard. Defendants had notice six months before the arbitration hearing that plaintiff intended to hold them jointly and severally liable for the partnership's debts. Furthermore, defendants were not barred from representing their *individual* interests in the arbitration proceeding, as the federal magistrate so found when he recommended that defendants be enjoined from representing the partnership *as general partners*:

> [T]he Court finds no reason why [defendant Rimer] could not participate in the arbitration against Kane even if he were not a general partner.
>
> * * * *
>
> . . . Even if they are removed as general partners, defendants will retain an interest in holding the general contractor [plaintiff] solely responsible for the construction delays since this will relieve them from liability either as members of the architectural firm or as general partners.

The record is clear that defendant Rimer did appear and participate in the arbitration hearing. Defendants clearly were not judicially precluded from participating in arbitration in their individual capacities. In sum, we find that defendants had ample notice and opportunity to protect their interests, chose not to do so in the arbitration proceeding, and cannot now complain of their decision.

Defendants admitted in their answer that they were general partners at the time plaintiff filed this suit and were jointly and severally liable for the debts of the partnership. The arbitration award by the trial court constitutes an adjudication of the amount owed plaintiff under its contract with defendants. *Frank H. Conner Co. v. Spanish Inns Charlotte, Ltd.*, 294 N.C. 661, 676, 242 S.E.2d 785, 794 (1978). Therefore, there was no genuine issue of material fact, since the confirmation order was evidence of the debt. Plaintiff was entitled to judgment as a matter of law because defendants admitted joint and several liability. *See also* N.C. Gen. Stat. § 59-45 (Replacement 1982); N.C. Gen. Stat. § 1A-1, Rule 56 (1988). The court's Order of summary judgment is affirmed.

The parties stipulated at oral argument that the judgment contains a clerical error in that it mistakenly provides for interest at 10.5% per annum. The parties agreed that interest should run at 10.25% per annum, as the arbitration award and the Order confirming the award provide. Therefore, we remand for correction of the judgment to provide for interest at 10.25%.

Summary judgment affirmed; remanded for correction of clerical error.

Judges JOHNSON and GREENE concur.