POST & FRONT PROPERTIES, LTD. v. ROANOKE CONSTRUCTION COMPANY, INC.

No. 945SC35

(Filed 15 November 1994)

### 1. Fraud, Deceit, and Misrepresentation § 41 (NCI4th)— renovation contract—sufficiency of evidence

Evidence was sufficient to establish plaintiff's fraudulent conduct in entering into a contract for renovation of a building owned by plaintiff partnership where it tended to show that defendant inquired about the availability of construction loan funds because it wanted to insure that there was sufficient money available to pay for repairs it would perform; defendant entered into the contract to make the repairs only after receiving such assurance from plaintiff; after receiving assurance from plaintiff that construction funds were available, defendant performed work on the property with a value of $110,000; and defendant was not paid.

**Am Jur 2d, Fraud and Deceit §§ 468 et seq.**

### 2. Partnership § 15 (NCI4th)— partner not joined as party— partner not personally liable

Plaintiff partner was not joined as a party in defendant's counterclaim against the partnership and therefore could not be held personally liable for the obligations of the partnership, and it was not material that he was aware of the filing of the counterclaim against the partnership and that he participated during the trial on behalf of the partnership.

**Am Jur 2d, Partnership §§ 633 et seq.**

Appeal by plaintiffs Post & Front Properties, Ltd., and Ferd L. Harrison from judgment entered 9 December 1992 and order entered 19 October 1993 in New Hanover County Superior Court by Judge Gregory A. Weeks. Heard in the Court of Appeals 28 September 1994.

POST & FRONT PROPERTIES v. ROANOKE CONSTRUCTION CO.

[117 N.C. App. 93 (1994)]

*Bass, Bryant & Moore, by John Walter Bryant, William E. Moore, Jr., and John K. Fanney, for plaintiff-appellant Post & Front Properties, Ltd.*

*Smith Debnam Hibbert & Pahl, by Bettie Kelley Sousa, for plaintiff-apellant Ferd L. Harrison.*

*Kirk, Gay, Kirk, Gwynn & Howell, by Donna S. Stroud and Clarence M. Kirk, for defendant-appellee.*

GREENE, Judge.

Post & Front Properties, Ltd. (plaintiff) appeals from a judgment entered after a jury verdict, finding plaintiff liable for damages in fraud and from an order entered denying plaintiff's motions for judgment notwithstanding the verdict and alternatively for a new trial. Ferd L. Harrison (Harrison) also appeals the trial court's judgment finding him personally and individually liable for the damages awarded against plaintiff.

Plaintiff's complaint alleges that Roanoke Construction Company, Inc. (defendant) breached an oral contract to renovate a building owned by the plaintiff. The defendant filed a counterclaim against the plaintiff alleging fraud in the procurement of the contract while claiming that the plaintiff had breached the contract. Both parties claimed that the other party's actions constituted an unfair and deceptive act or practice. Harrison, although present at the trial, was not represented by a lawyer, was not joined as a party and did not receive any service of process.

The evidence, considered in the light most favorable to the defendant, *Douglas v. Doub*, 95 N.C. App. 505, 511, 383 S.E.2d 423, 426 (1989) (standard for evaluating evidence in motion for judgment notwithstanding the verdict), reveals that plaintiff, a partnership, owned a building in Wilmington and was in the process of making renovations to it. Harrison and Samuel B. Ashford (Ashford) are the general partners of the plaintiff. In August 1988, Ashford met with the president of defendant to discuss the possibility of the defendant completing the renovations. During this meeting the president asked Ashford "How much money do you have left in your construction loan?" Ashford replied, "$180,000." The president stated that he asked this question because he wanted to know "how much money . . . that he had left to pay for any work that we did." He also testified that he determined that the $180,000 should have been sufficient to complete the renovations. After this conversation the parties entered into an

POST & FRONT PROPERTIES v. ROANOKE CONSTRUCTION CO.

[117 N.C. App. 93 (1994)]

oral agreement that defendant would act as the general contractor for the renovations and be paid the cost plus ten percent. Defendant began work on the project in September 1988 and soon thereafter discovered that there was only approximately $12,000 in the plaintiff's construction loan account and that the bank was "not going to give [plaintiff] that." It was also discovered that the bank had in July 1988 authorized foreclosure proceedings on the property because of the delinquent status of the construction loan. Defendant soon thereafter terminated work on the renovations and invoiced the plaintiff in the amount of $110,000, for which it has received no payment.

The jury found for the defendant on the plaintiff's complaint. On the counterclaim, the jury found that Ashford and Harrison had misrepresented to the defendant that sufficient funds were available in the construction loan account to complete the renovations. The jury also awarded the defendant damages in the sum of $74,245 which was trebled by the trial court after it concluded that the acts of the plaintiff constituted an unfair and deceptive act or practice. The final judgment of the trial court in the amount of $222,735 was entered against the plaintiff, Ashford, and Harrison based on the following conclusion:

> 3. Based upon the findings by the jury, Samuel B. Ashford and Ferd L. Harrison, general partners of Plaintiff, are personally liable for the damages awarded in this action, and therefore, Samuel B. Ashford and Ferd L. Harrison are hereby held personally liable, jointly and severally with each other and with Post & Front Properties, Ltd. for the damages awarded to Defendant herein, and this Judgment shall be entered as a matter of record against both Samuel B. Ashford and Ferd L. Harrison, as well as Post & Front Properties, Ltd.

After the entry of the judgment, the plaintiff moved for a judgment notwithstanding the verdict, which motion was denied.

---

The issues presented are whether (I) the record reveals substantial evidence of plaintiff's fraudulent conduct; and (II) the record supports the entry of a judgment against Harrison individually.

I

PLAINTIFF'S APPEAL

[1] Plaintiff argues that there was insufficient evidence to establish the necessary elements of fraud, and therefore, the trial court should

have granted plaintiff's judgment notwithstanding the verdict. We disagree.

A motion for judgment notwithstanding the verdict (JNOV motion) is a renewal of a directed verdict motion, *see Ace, Inc. v. Maynard*, 108 N.C. App. 241, 245, 423 S.E.2d 504, 507 (1992), *disc. rev. denied*, 333 N.C. 574, 429 S.E.2d 567 (1993), which purpose is to "test the legal sufficiency of the evidence to take the case to the jury and to support a verdict for the [party seeking relief]." *Douglas*, 95 N.C. App. at 511, 383 S.E.2d at 426. To survive plaintiff's JNOV motion, the evidence, considered in the light most favorable to the defendant, giving defendant the benefit of all reasonable inferences, must be substantial. *Id.* That is, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hines v. Arnold*, 103 N.C. App. 31, 34, 404 S.E.2d 179, 181-82 (1991); *see also Ace*, 108 N.C. App. at 245, 423 S.E.2d at 507 (applying this standard to motions for judgment notwithstanding the verdict).

The elements of fraud are:

(1) that the defendant made a false representation as to an existing or past fact which was material to the transaction involved; (2) that defendant either knew the representation was false when it was made or made it recklessly without knowing whether it was true or not; (3) the representation was made with the intention that plaintiff should rely on it; (4) plaintiff did reasonably rely upon it; and (5) was damaged thereby.

*Douglas*, 95 N.C. App. at 511-12, 383 S.E.2d at 426 (quoting *Harbach v. Lain and Keonig, Inc.*, 73 N.C. App. 374, 379-80, 326 S.E.2d 115, 118-19, *disc. rev. denied*, 313 N.C. 600, 332 S.E.2d 179 (1985)).

In the light most favorable to the defendant, there is substantial evidence in this record that the representation Ashford made to the defendant regarding the monies available in a construction loan account was a knowingly false representation of a material fact, made with the intention that defendant would rely on the representation, that defendant did in fact rely on it and was damaged as a consequence of such reliance. In so holding we reject the arguments of the plaintiff that the representation was not of a material fact, not relied upon by the defendant and that defendant in no event suffered any damages from reliance on the representations. A reasonable juror could conclude from the evidence that the defendant inquired about the availability of the construction loan funds because it wanted to

insure that there was sufficient money available to pay for the repairs and that it entered into the contract only after receiving such assurance. This conclusion supports a determination that the representation was material and relied upon. As for the damages, the evidence is that defendant, after receiving assurance from the plaintiff that construction funds were available, performed work on the property with a value of $110,000 and has not been paid.

Having found that defendant introduced substantial evidence of fraud, justifying the denial of the plaintiff's JNOV motion, and because proof of fraud constitutes an unfair and deceptive act or practice, we also affirm the trial court's determination that the conduct was an unfair and deceptive act or practice, under Chapter 75 of the North Carolina General Statutes. *La Notte, Inc. v. New Way Gourmet, Inc.*, 83 N.C. App. 480, 485, 350 S.E.2d 889, 892 (1986), *appeal dismissed and cert. denied*, 319 N.C. 459, 354 S.E.2d 888 (1987).

The plaintiff also makes several arguments regarding the issues submitted to the jury and the jury instructions. We do not address these issues because the plaintiff did not raise these issues before the trial court, as it was required to do. N.C.R. App. P. 10(b)(1 & 2). The plaintiff finally enters several assignments of error related to various items of evidence which the trial court admitted into evidence over the objection of the plaintiff. We have reviewed these assignments and the arguments made in support of them and determine that no prejudicial error was made by the trial court in the admission of this evidence.

II

HARRISON'S APPEAL

[2] Harrison argues that because he was not made a party to the defendant's counterclaim or served with a copy of a summons, he cannot be held personally liable for the judgment against the partnership. We agree.

The general rule is that "all partners are jointly and severally liable for the acts and obligations of the partnership." N.C.G.S. § 59-45(a) (Supp. 1993); *see* N.C.G.S. § 59-45(b) (Supp. 1993) (partner in limited liability partnership not liable for some obligations of partnership); *see also* N.C.G.S. § 59-303 (1989) (limited partner liability is limited). Nonetheless, a partner is not personally liable, that is liable beyond the assets of the partnership unless the partner is made a

defendant, in his individual capacity, in the action against the partnership *and* is served with process. N.C.G.S. § 1A-1, Rule 4(j)(7)(b) (1990) (*summons and complaint must be served on partner*); *Stevens v. Nimocks*, 82 N.C. App. 350, 352, 346 S.E.2d 180, 181 (partner must be served to establish individual liability), *cert. denied*, 318 N.C. 511, 349 S.E.2d 873 (1986), *and reconsideration denied*, 318 N.C. 702, 351 S.E.2d 760 (1987); *Harris v. Maready*, 311 N.C. 536, 541, 319 S.E.2d 912, 916 (1984) ("purpose of a service of summons is to give notice to the party against whom a proceeding is commenced"); *Kane v. Bolin Creek West Assocs.*, 95 N.C. App. 135, 138, 381 S.E.2d 832, 834 (1989) (partners individually liable where named party defendants in their "individual capacity" and served with process); N.C.G.S. § 1-113(1) (1983) (where complaint filed "against defendants jointly indebted upon contract," and service had on less than all named defendants, judgment can be enforced "against the joint property of all and the separate property of the defendants served"); N.C.G.S. § 1-113(4) (1983) (where partner not named as defendant in complaint and judgment remains unsatisfied, plaintiff may seek recovery against unnamed partner "upon proving his joint liability").

In this case, Harrison was not joined as a party in the defendant's counterclaim against the partnership, *see* N.C.G.S. § 1A-1, Rule 13(h) (1990) (permitting joinder of parties in counterclaim), and therefore cannot be held personally liable for the obligations of the partnership. It is not material that he was aware of the filing of the counterclaim against the partnership and that he participated during the trial on behalf of the partnership. *Stevens*, 82 N.C. App. at 352-53, 346 S.E.2d at 181. He had no notice of any intention of the defendant to hold him personally liable.

The defendant also argues that there is a stipulation in the pre-trial order which binds Harrison to the judgment. We disagree. The alleged stipulation was contained in an unsigned pre-trial order and in any event there is no evidence that Harrison consented to its entry. Accordingly, the judgment against Harrison must be reversed.

Plaintiff's Appeal: No error.

Harrison's Appeal: Reversed.

Judges JOHNSON and LEWIS concur.