■ ROLAND PYFROM, Appellant-Respondent, v TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, Sued as TISHMAN CONSTRUCTION COMPANY OF NEW YORK, et al., Respondents-

Appellants and Third-Party Plaintiffs-Appellants. MONADNOCK CONSTRUCTION, INC., et al., Third-Party Defendants-Respondents-Appellants. [698 NYS2d 858] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered March 31, 1998, which, insofar as appealed from, in an action by a laborer to recover for injuries sustained at a job site, denied plaintiff's motion to amend his pleadings subject to renewal after discovery and to compel disclosure, denied defendants Tishman Construction Corporation's motion for summary judgment dismissing the complaint as against it subject to renewal after discovery, and denied defendant Linpro's motion for summary judgment on its indemnity claim against third-party defendant Monadnock, unanimously modified, on the law, to grant defendant Linpro's motion for summary judgment on its indemnity claim against defendant Monadnock, and otherwise affirmed, without costs.

Summary judgment in favor of prime contractor Linpro on its indemnity claim against subcontractor Monadnock should have been granted in view of the subcontract provision in which Monadnock agreed to indemnify Linpro for any loss arising from its acts or omissions or those of its employees, agents and lower-tier subcontractors, and in the absence of any evidence tending to show that negligence on Linpro's part contributed to plaintiff's injuries (*see, Velez v Tishman Foley Partners*, 245 AD2d 155, 156-157; *Walsh v Morse Diesel*, 143 AD2d 653, 655-656). The order is proper in all other respects. Dismissal of the action as against defendant Tishman Construction is unwarranted, there being an issue of fact as to whether the service of process that was made on it was such as to confer jurisdiction over plaintiff's intended defendant, Tishman Foley Partners, and, if so, whether Tishman Foley Partners was fairly apprised that it was the party plaintiff intended to sue (*see, Gray v Vought & Co.*, 216 App Div 230; *Connor v Fish*, 91 AD2d 744). The disclosure plaintiff seeks was properly denied, it appearing that the items in question have already been produced or are the subjects of a preliminary conference order directing that they be produced. Concur—Ellerin, P. J., Rosenberger, Nardelli, Mazzarelli and Friedman, JJ.