■ GILBERTO GONZALEZ et al., Plaintiffs, v OLD NAVY CLOTH-ING CO. et al., Defendants and Third-Party Plaintiffs-Appellants. XYZ CLEANING CONTRACTORS, INC., Third-Party Defendant-Respondent. [730 NYS2d 283] —Order, Supreme Court, New York County (Paula Omansky, J.), entered January 22, 2001, which denied third-party plaintiffs' motion for partial summary judgment on their claim of contractual indemnification against plaintiff's employer, unanimously reversed, on the law, without costs, and the motion for partial summary judgment granted. The Clerk is directed to enter judgment accordingly.

Under the circumstances, it was error to deny third-party plaintiffs summary judgment on their claim of contractual indemnification. The record demonstrates as a matter of law that third-party plaintiff/indemnitee Fisher Development (Fisher) and third-party defendant XYZ Cleaning (XYZ), Fisher's subcontractor/indemnitor, had agreed to an enforceable indemnification provision, and that there is no basis in negligence or in the degree of supervision of the work site by Fisher to hold it liable (see, General Obligations Law § 5-322.1; Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877; Brown v Two Exch. Plaza Partners, 76 NY2d 172, 175; Pyfrom v Tishman Constr. Corp., 267 AD2d 6, 7; Buccini v 1568 Broadway Assocs., 250 AD2d 466, 468-469). XYZ was solely responsible, contractually and in fact, for supervising its subcontractors and their employees, including plaintiff, for providing them with the equipment to do their jobs, and thus for their negligence. XYZ's subcontractor's negligence, in failing to supply the equipment needed for plaintiff to do his job, in apparently commandeering the scaffold despite express instruction to the contrary and in ordering the injured plaintiff to use it despite his apparent lack of knowledge as to its safe usage, was the proximate cause of the complained of injuries and damages. Fisher's "Superintendent of Construction" was, in effect, a general supervisor of the work site whose duties did not amount to supervision and control over the method and manner in which the work was performed (Hoelle v New York Equities Co., 258 AD2d 253, 253-254). Concur—Rosenberger, J. P., Williams, Wallach, Lerner and Friedman, JJ.