POLYGENEX INT'L, INC. v. POLYZEN, INC.

[133 N.C. App. 245 (1999)]

POLYGENEX INTERNATIONAL, INC., Plaintiff v. POLYZEN, INC. and
TILAK M. SHAH, Defendants

No. 98-908

(Filed 18 May 1999)

1. Pleadings— Rule 11 sanctions—complaint signed by corporate officer—not a party in individual capacity

An order imposing attorney fees and costs for filing a complaint not warranted in law, not well-grounded in fact, and for an improper purpose was vacated as to the president of plaintiff-corporation, McGarry, where McGarry's verification of the complaint was in his capacity as a corporate officer and not in his individual capacity. McGarry was not a party to the action, was never served with summons, and was not given the necessary notice and opportunity to be head. The order amounted to an unconstitutional deprivation of his due process rights under both the state and federal constitutions.

2. Pleadings— Rule 11 sanctions—against corporation—proper

The trial court did not err by sanctioning plaintiff corporation under N.C.G.S.§ 1A-1, Rule 11 where the court correctly determined that the verified complaint was facially implausible and not warranted by existing law. It could also be concluded that the complaint was not well grounded in existing law, and the court properly inferred that the complaint was interposed for the improper purpose of harrassing defendants.

3. Pleadings— Rule 11 sanctions—attorney fees and costs—amount—findings

The trial court's determination of the amount of a Rule 11 sanction was remanded where the court stated only that defendants had "presented evidence" on the issue and then awarded "reasonable" fees and costs "necessarily incurred." The court did not make any findings regarding the customary fee for like work, plaintiff's attorney's experience and ability, and the amount of time and labor expended.

4. Pleadings— Rule 11 sanctions—sufficiency of allegations

The allegations in a Rule 11 motion were sufficient where defendants contended in the motion that the complaint was not well-grounded in fact; not warranted by existing law or a good

POLYGENEX INT'L, INC. v. POLYZEN, INC.

[133 N.C. App. 245 (1999)]

faith argument for the extension, modification, or reversal of existing law; and was interposed for the improper purpose of harassing defendants.

Appeal by plaintiff from order entered 11 May 1998 by Judge Stafford G. Bullock in Wake County Superior Court. Heard in the Court of Appeals 19 April 1999.

The plaintiff, Polygenex International, Inc. ("Polygenex"), is a North Carolina corporation with its principal office in Cary, North Carolina. Polygenex manufactures and sells knitted gloves for industrial and commercial uses. The president of Polygenex is Joseph D. McGarry.

Defendant Polyzen, Inc. ("Polyzen") is also a North Carolina corporation with its principal office in Cary, North Carolina. Polyzen manufactures plastic medical devices pursuant to certain patents. Defendant Tilak M. Shah is the president of Polyzen.

Prior to 5 December 1997, Polygenex and Polyzen were one corporation doing business under the name of Polygenex International Inc. McGarry operated the Specialty Gloves Division, while Shah operated the Medical Devices and Polymer Compounds/Tubing Division. Due to differences between McGarry and Shah, they agreed that Polygenex International, Inc. would be split into separate corporations along the lines of the divisions that the two men operated.

On 5 December 1997, the shareholders of Polygenex executed a Corporate Separation and Reorganization Agreement ("Agreement"). Pursuant to the Agreement, Polygenex created Polyzen as a subsidiary corporation to which certain assets and liabilities were assigned regarding Polygenex' medical devices business. Polygenex then divested itself of Polyzen. Shah resigned as an officer of Polygenex and transferred his shares of stock to Polygenex, while McGarry resigned as an officer of Polyzen. After the separation, McGarry continued as president of Polygenex and Shah became president of Polyzen.

On 26 January 1998 Polygenex filed a complaint against Polyzen and Shah alleging breach of the Agreement, tortious interference with contract, trademark infringement and unfair and deceptive trade practices. Polygenex sought damages as well as injunctive relief. The complaint was verified by McGarry as an officer and director of

POLYGENEX INT'L, INC. v. POLYZEN, INC.

[133 N.C. App. 245 (1999)]

Polygenex. On 27 January 1998 Polygenex moved for a temporary restraining order, which was denied. On 17 February 1998 defendants moved to dismiss pursuant to Rule 12(b)(6) and also sought costs and attorneys' fees pursuant to Rule 11. On the same day, plaintiff voluntarily dismissed the action without prejudice.

On 24 April 1998 the trial court held a hearing on defendants' motion. On 11 May 1998 the trial court entered an Order finding that the Complaint was not warranted in law, was not well-grounded in fact, and was filed for an improper purpose. The trial court ordered Polygenex and McGarry to pay defendants $5,750 in attorneys' fees and $164.64 in costs. Polygenex appealed and an order was entered staying enforcement of the Order.

*Howard, Stallings, Story, Wyche, From & Hutson, P.A., by Scott A. Miskimon and Jenna B. Thomas, for plaintiff-appellant.*

*Kilpatrick Stockton, LLP, by Donald J. Harris and M. Gray Styers, Jr., for defendant-appellees.*

EAGLES, Chief Judge.

We first note that on 28 January 1999, McGarry petitioned this Court for writ of certiorari pursuant to Rule 21 of the N.C. R. App. Proc. The petition for writ of certiorari is granted.

[1] We next consider whether the trial court committed reversible error by sanctioning McGarry pursuant to Rule 11. McGarry first argues that the order should be vacated as to him on the grounds that he was deprived of his federal and state constitutional due process rights. Additionally, McGarry argues that "[u]nder the plain and unambiguous language of Rule 11, sanctions apply only to attorneys and parties . . . But there is nothing in the language of Rule 11 that suggests a non-party corporate officer who verifies a complaint on behalf of his company may be sanctioned along with the corporation." McGarry asserts that the Record shows he was never a party to the litigation, that he was not subject to the jurisdiction of the court, and that he was not provided notice or an opportunity to be heard in his individual capacity at the hearing. Accordingly, McGarry argues that there was no legal basis for sanctioning him. Alternatively, McGarry argues that the trial court made no findings of fact and entered no conclusions of law regarding whether McGarry made a reasonable inquiry into the facts, believed that his position was well-grounded in fact, or in verifying the complaint, acted with an

improper purpose. McGarry contends that all the findings of fact and conclusions of law were directed exclusively at Polygenex. Accordingly, McGarry asserts that the order is fatally defective as to him and should be vacated.

We find McGarry's arguments persuasive and vacate the order as to McGarry. " 'Notice and an opportunity to be heard prior to depriving a person of his property are essential elements of due process of law which is guaranteed by the Fourteenth Amendment of the United States Constitution.' " *Griffin v. Griffin*, 348 N.C. 278, 280, 500 S.E.2d 437, 438 (1998) (quoting *McDonald's Corp. v. Dwyer*, 338 N.C. 445, 448, 450 S.E.2d 888, 891 (1994)). Here, McGarry was individually sanctioned and ordered to pay attorneys' fees and costs even though he was not a party to the litigation. *Stevens v. Nimocks*, 82 N.C. App. 350, 346 S.E.2d 180, *cert. denied*, 318 N.C. 511, 349 S.E.2d 873 (1986) is analogous. In *Stevens*, the defendant verified the answer in an action against a partnership in his capacity as a partner. The plaintiff sought to subject the defendant to Rule 11 liability in his individual capacity. This Court determined that "[a]ctual notice of a suit against the partnership will not cure the requirement that a partner must be served with a summons to be held individually liable." *Id.* at 352-53, 346 S.E.2d at 181 (citing *Shelton v. Fairley*, 72 N.C.App. 1, 3-4, 323 S.E.2d 410, 413 (1984), *disc. review denied*, 320 N.C. 634, 360 S.E.2d 94 (1987); *Blue Ridge Electric Membership Corp. v. Grannis Brothers*, 231 N.C. 716, 720, 58 S.E.2d 748, 751-52 (1950) (general appearance on behalf of a purported corporation cannot be construed as a general appearance on behalf of a partnership, none of whose members are a party to the action)). McGarry's verification of the complaint was in his capacity as a corporate officer and was not in his individual capacity. This verification was not sufficient to subject McGarry to individual liability pursuant to Rule 11. Accordingly, we hold that because McGarry was not a party to the action and was never served with summons, McGarry was not given the necessary notice and opportunity to be heard and therefore, and as to him, the Order amounted to an unconstitutional deprivation of his due process rights under both the state and federal constitutions. The order is vacated as to McGarry.

**[2]** We next consider whether the trial court committed reversible error by sanctioning plaintiff corporation pursuant to Rule 11.

The trial court's decision to impose or not to impose mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a) is reviewable *de novo*

POLYGENEX INT'L, INC. v. POLYZEN, INC.

[133 N.C. App. 245 (1999)]

as a legal issue. In the *de novo* review, the appellate court will determine (1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence. If the appellate court makes these three determinations in the affirmative, it must uphold the trial court's decision to impose or deny the imposition of mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a).

*Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989). Plaintiff first argues that the sanctions entered against plaintiff were based upon the perjured testimony of defendant Shah. Plaintiff argues that Shah's perjury can be proven by a copy of a flyer sent out by Polyzen which plaintiff contends "deceptively states" " 'Nothing has changed but the name' " and uses Polygenex' name throughout the text of the advertisement. The advertisement is dated after the separation agreement went into effect and was allegedly sent to Polygenex' customers and vendors. Plaintiff argues that Polyzen was clearly using the advertisement to trade on Polygenex' name and that the advertisement gives the impression that the two companies remain associated with each other. Plaintiff additionally argues that Shah's perjury can be proven by unrefuted evidence that Polyzen contacted Polygenex' customers and had Polygenex' accounts changed over into Polyzen's name. Plaintiff accordingly argues that this evidence contradicts the trial court's findings of fact that neither defendants nor its agents made false or misleading statements, never infringed plaintiff's trademark, and never made inappropriate or false communications with plaintiff's customers.

Plaintiff next argues that the trial court erred in concluding that the complaint was not well-grounded in law. There is a two-part legal analysis to determine whether a complaint is well-grounded in law. "This approach looks first to the facial plausibility of the pleading and only then, if the pleading is implausible under existing law, to the issue of 'whether to the best of the signer's knowledge, information, and belief formed after reasonable inquiry, the complaint was warranted by the existing law.' " *Bryson v. Sullivan*, 330 N.C. 644, 661, 412 S.E.2d 327, 336 (1992) (quoting *dePasquale v. O'Rahilly*, 102 N.C.App. 240, 246, 401 S.E.2d 827, 830 (1991)). Pursuant to that analysis, plaintiff first argues that the complaint states a cause of action for breach of contract. Plaintiff argues that the Agreement here calls for a corporate separation, and "implicit" in the Agreement is that the

companies would be separate entities, that Polyzen would take no action to disturb the customer and vendor relationships retained by Polygenex, and Polyzen would not trade on the goodwill nor misappropriate the Polygenex tradename. Plaintiff contends that the Advertisement demonstrates a blatant violation of the Agreement. Additionally, plaintiff argues that defendants contacted utilities and vendors and had accounts changed into Polyzen's name, and that this interference with business relationships violated "both the letter and spirit of the Agreement." Plaintiff next argues that the allegations that Polyzen interfered with plaintiff's contractual relationships are facially plausible and state a cause of action for tortious interference with contract. Third, plaintiff argues that based on the Advertisement, plaintiff's cause of action for infringement of the tradename of Polygenex is well-grounded in law. Fourth, plaintiff argues that the allegation of tortious interference with contract, plus the aggravating factors that defendants "hijack[ed]" its vendor relationships and falsely communicated with plaintiff's customers, support the cause of action for unfair and deceptive trade practices. Plaintiff finally argues that damages would be inadequate, and that the complaint states a cause of action for injunctive relief. Accordingly, plaintiff argues that the complaint is facially plausible and that no further inquiry is required. Alternatively, plaintiff argues that the allegations were warranted by existing law or a good faith extension, modification or reversal of existing law.

Plaintiff next argues that it undertook a reasonable inquiry into the facts which shows that the complaint was well-grounded in fact. Plaintiff argues that their inquiry showed that defendants illegally obtained and opened plaintiff's mail and that plaintiff made demands upon defendants for an explanation, but that defendants refused to respond. Plaintiff contends that it was justified in believing that there was an attack on their operations by defendants. Additionally, plaintiff argues that there is a fatal defect in the trial court's order because the trial court made no finding of fact on the issue of whether plaintiff undertook a reasonable inquiry into the facts.

Finally, plaintiff argues that there was no evidence to support the trial court's finding of fact and conclusion of law that the complaint was interposed for an improper purpose. Plaintiff asserts that "[t]he need to do discovery in an unfair competition case is obvious, for the defendant will be far more likely to know the scope and effect of his actions than will the plaintiff." Plaintiff contends that it should not have to wait without acting until it has unequivocal proof of all dam-

ages suffered as a result of defendant's actions. Accordingly, plaintiff asserts that the trial court committed reversible error in ordering sanctions based upon an allegedly improper purpose in filing the complaint.

Defendants argue that the trial court properly concluded that the plaintiff's verified complaint was not well-grounded in fact, not warranted by existing law and interposed for an improper purpose.

First, defendants contend that plaintiff's complaint was facially implausible as to the breach of separation agreement claim because the complaint fails to allege what specific provisions of the Agreement have been breached. Defendants assert that the complaint merely alleges that the acts of defendants violate the " 'letter, intent and spirit' of the Separation Agreement." Defendants argue, however, that "[a]bsent a breach of actual provisions of the Separation Agreement, . . . breach of the implied covenant of good faith does not state a proper cause of action." Additionally, defendants argue that the actions of defendants which effected the alleged breach are vague and contained in conclusory allegations with regard to defendants contacting vendors and changing accounts, use by defendants of plaintiff's credit accounts, and instructions made to the postal service regarding delivery of mail. Defendants also note that plaintiff's allegation of improper contact was made "upon information and belief." Defendants also argue that plaintiff never alleged how such purported conduct violated the agreement. Defendants next argue that plaintiff has not alleged a plausible claim of tortious interference with contract because a true interference with utility and service providers, as alleged by plaintiff, would require an interruption in service, which is not alleged. Accordingly, defendants contend plaintiff did not allege any specific harm. Additionally, plaintiff does not allege that defendants acted without justification in contacting the utility companies to establish their own billing accounts. Third, defendants argue that plaintiff failed to allege a proper claim for trademark infringement because the complaint does not specify the infringing use, does not allege any confusion, mistake or deception, and does not allege how the use damaged plaintiff. Fourth, since the alleged actions fail to properly support any other valid claims for relief, defendants argue that they cannot support an action for unfair and deceptive trade practices. Finally, defendants contend that since plaintiff failed to assert a plausible claim, it failed to establish a right to injunctive relief.

Defendants next argue that since the complaint is facially implausible, the proper inquiry is whether to the best of plaintiff's knowledge, information and belief formed after reasonable inquiry, the pleading was warranted by existing law. Here, defendants argue that the trial court properly found that there was no evidence of record that plaintiff made any inquiry into defendants' communications with vendors, or what was discovered with regard to those communications. Defendants assert that the trial court properly concluded that plaintiff's inquiry into the law and facts was not objectively reasonable. Defendants additionally argue that a reasonable inquiry would have found that defendants contacted utility and service vendors in order to establish separate billing accounts and effectuate the corporate separation. Defendants also contend that reliance on the "flyer" was misplaced because plaintiff did not know of the flyer when the complaint was filed. Additionally, the flyer contains only true statements because it merely states what the Separation Agreement accomplished, and the use of plaintiff's tradename constituted a "fair use." Defendants conclude that because the complaint is facially implausible, not well-grounded in fact and not warranted by existing law, and because plaintiff did not conduct a reasonable inquiry, the trial court properly inferred that the complaint was interposed for an improper purpose.

After careful consideration of the record, briefs and contentions of the parties, we affirm. There was sufficient evidence to support the trial court's findings of fact, and these findings supported the trial court's conclusions of law. The trial court's conclusions of law in turn support its order sanctioning the plaintiff. First, the trial court found that the complaint was facially implausible. We agree. Plaintiff failed to allege specific provisions of the contract that were breached, alleging only that defendants' actions violated the "letter, intent and spirit" of the Agreement. Furthermore, the trial court found that defendant Shah directed his agents to contact vendors to establish separate billing accounts for the new corporation. Plaintiff did not challenge the trial court's finding. Accordingly, the complaint does not support plaintiff's claim of breach of contract. The trial court also found that there was no evidence in the record that any of defendants' contacts with vendors caused actual damage to the plaintiff. We agree and accordingly conclude that plaintiff has failed to state a claim for tortious interference with contract. Next, plaintiff failed in its complaint to specify the infringing use by defendants of plaintiff's tradename or how any alleged use damaged plaintiff; the complaint simply makes conclusory allegations regarding the use. The trial court found that

POLYGENEX INT'L, INC. v. POLYZEN, INC.

[133 N.C. App. 245 (1999)]

there was no evidence in the record that defendants infringed the Polygenex trademark. We agree and accordingly find that the allegation of tradename infringement is facially implausible. Fourth, since plaintiff has failed to state a claim as explained above, its complaint does not support a claim for unfair and deceptive trade practices nor does it establish irreparable harm and a right to injunctive relief. Accordingly, we conclude that the trial court correctly determined that the verified complaint was facially implausible and not warranted by existing law.

We also conclude that the complaint was not well-grounded in fact. The trial court found that "[g]iven the knowledge and information which can be imputed to Polygenex, a reasonable person under the same or similar circumstances would not have terminated his or her inquiry and formed the belief that the claims brought by Polygenex were warranted under existing law" and that "Polygenex's inquiry was not objectively reasonable." The trial court's findings are supported by the record.

Finally, the trial court found that plaintiff "had no basis for the filing of its Verified Complaint other than to use it as a vehicle to pry into the business affairs of" defendants. Since the complaint was facially implausible, not well-grounded in fact and not warranted by existing law, we conclude that the trial court properly inferred here that the complaint was interposed for the improper purpose of harassing defendants. See *Renner v. Hawk*, 125 N.C. App. 483, 492, 481 S.E.2d 370, 375, *disc. review denied*, 346 N.C. 283, 487 S.E.2d 553 (1997); *Mack v. Moore*, 107 N.C. App. 87, 93, 418 S.E.2d 685, 689 (1992). Accordingly, the assignment of error is overruled.

[3] We next consider whether the trial court abused its discretion when it ordered Polygenex to pay defendants' attorneys' fees and costs. Plaintiff argues that the trial court abused its discretion by awarding attorneys' fees without making the necessary conclusions of law, supported by the necessary findings of fact, and without any evidence in the record. Specifically, plaintiff contends the trial court failed to make the necessary findings of fact regarding the time and labor expended by the attorneys, the skill required to perform the legal services rendered, and the customary fee for like work, and the experience and ability of the attorneys. Accordingly, plaintiff argues that the order should be vacated.

Defendants contend that counsel for the defendants submitted a detailed accounting and description of the legal work performed due

to plaintiff's complaint. Defendants note that upon review of the accounting, the trial court determined that the reasonable hourly rate for the work performed was lower than the amount actually paid by defendants. Accordingly, defendants contend that

> [t]he rate reduction imposed by the trial court on defendants' counsel makes clear that the trial court discriminatingly reviewed the undersigned's affidavit concerning costs and fees. It may be confidently inferred from this record that the trial court found that the fees and costs incurred by defendants were reasonable except as to the hourly rate, for which the trial court substituted a rate it deemed reasonable. By not taking issue with other matters reflected in the undersigned's affidavit, such as the nature and amount of work performed, the trial court implicitly signed off on those items.

Additionally, defendants contend that the trial court specifically awarded "reasonable" fees and costs "necessarily" incurred by defendants in responding to the complaint. Accordingly, defendants contend that there is a sufficient record from which this Court can determine the reasonableness of the trial court's award.

We find plaintiff's arguments persuasive and vacate and remand the trial court's determination of the amount of the Rule 11 sanction. In reviewing an award of attorneys' fees and costs, this Court has stated that

> the statute [G.S. 75-16.1] requires the award [of attorneys' fees to] be reasonable. In order for this Court to determine if the award of attorney fees is reasonable, the record must contain findings of fact to support the award.
>
>     Here, the trial court simply awarded plaintiff an attorney fee of one-third of the total award of $21,925.83, or $7,308.61. The judgment contained no findings of fact to support the court's conclusion that this was a reasonable fee such as the time and labor expended, the skill required to perform the legal services rendered, the customary fee for like work, or the experience and ability of the attorney. The failure of the court to consider and set out the factors above renders the findings of fact inadequate to support the amount of the award.

*Morris v. Bailey*, 86 N.C. App. 378, 387, 394 S.E.2d 120, 125 (1987) (citations omitted). Here, the trial court did not make any findings regarding the customary fee for like work, plaintiff's attorney's expe-

POLYGENEX INT'L, INC. v. POLYZEN, INC.

[133 N.C. App. 245 (1999)]

rience and ability, and the amount of time and labor expended. The trial court only stated that defendants had "presented evidence" on the issue, and then awarded "reasonable" fees and costs "necessarily incurred." This is not a sufficient finding of fact to support the order or for this Court to determine whether the award was reasonable. Accordingly, the order is vacated and remanded for determination of the amount of the Rule 11 sanction.

[4] Finally, we consider whether the trial court committed reversible error in ordering sanctions against plaintiff because defendants' Rule 11 motion was defective in failing to specify the bases for the motion. In their motion for sanctions, defendants' asserted that all three prongs of Rule 11 were violated. Plaintiff argues that "[i]t is obvious that the Defendants' Motion would have to be based upon one or more of these prongs. But simply stating the obvious does not provide the necessary particularity required for Rule 11 motions." Accordingly, plaintiff contends that they were denied adequate notice and were deprived of their due process rights and the Order should be vacated.

Defendants contend that "[p]laintiff's position that due process requires more specific notice of the bases for which the motion sought sanctions is unsupportable." Defendants argue that it should be "obvious to Plaintiff that the motion might seek sanctions on not just one or two, but all three of the bases allowed by Rule 11." Defendants assert that its motion for sanctions stated the bases with sufficient particularity to give plaintiff an opportunity to prepare a defense, which plaintiff did. Accordingly, defendants argue that the order should be affirmed.

Defendants' argument is persuasive. Defendants contended in their Rule 11 motion that the complaint was not well-grounded in fact; was not warranted by existing law, nor by a good faith argument for the extension, modification, or reversal of existing law; and, was interposed for the improper purpose of harassing defendants. We hold that these allegations were sufficient to put plaintiff on notice and allow plaintiff to prepare a defense, which plaintiff in fact did. Accordingly, the assignment of error is overruled.

In conclusion, the order is vacated as to McGarry. The order awarding sanctions against plaintiff is affirmed in part, but vacated and remanded in part for determination of the amount of the Rule 11 sanctions.

Affirmed in part, vacated and remanded in part.

Judges JOHN and EDMUNDS concur.