532 S.E.2d 6

Katherine BURNS, Appellant,

v.

UNIVERSAL HEALTH SERVICES INC., Celia
Yu and Melanie Powers, Respondent.

No. 3169.

Court of Appeals of South Carolina.

Heard Jan. 11, 2000.
Decided May 22, 2000.

510

V.M. Manning Smith, of Moss & Kuhn, of Beaufort, for appellant.

Richard J. Morgan, of McNair Law Firm, of Columbia, for respondent.

HOWARD, Judge:

Katherine Burns (Burns) appeals from the trial court's assessment of sanctions.[1] We reverse.

## FACTS

Burns worked for Aiken Hospital which is managed and operated by Universal Health Services (UHS). Burns commenced this action against UHS as well as two of her coworkers, Celia Yu (Yu) and Melanie Powers (Powers). She alleged wrongful termination, breach of implied covenant of good faith and fair dealing, civil conspiracy, defamation, and intentional infliction of emotional distress (outrage).

The defendants, UHS, Yu, and Powers, filed a motion to dismiss, motion to strike, and a motion for a more definite statement in addition to an answer in response to Burns' amended complaint. These motions were originally set for argument on February 27, 1998, but were twice continued on Burns' counsel's assertion that the underlying issues could be settled without a hearing. Subsequently, the motions were rescheduled for argument on July 9, 1998 at 11:30 A.M.

Burns' counsel alleges that he first became aware on July 8, 1998, that the motions hearing was scheduled for the next day. Counsel contacted the court at 8:45 A.M. the day of the hearing, advised the court of a scheduling conflict, and requested a continuance. The trial court apprised counsel that the motion would not be carried over and that he needed to be present at 4:00 P.M. the same afternoon for argument on the motions. The trial court was unable to contact the defendants'

---

1. Burns additionally appealed the dismissal of a portion of her complaint for failing to state a cause of action for the intentional infliction of emotional distress or outrage. Counsel for both parties conceded at oral argument that the dismissal order is to be construed so as to allow Burns the opportunity, on a limited basis, to replead this cause of action. Burns is allowed to replead with the specificity required in the trial court's order the allegation that the defendants "accused [Burns] of killing a patient." Burns is further allowed to replead this allegation with regard to all the defendants, so long as Burns includes the officers of UHS in the allegation.

counsel regarding the time change until the originally scheduled hearing time. Due to the scheduling conflict, Burns' counsel sent an associate to argue the motions.

No motion for sanctions was filed prior to the hearing. Defense counsel made an oral motion for sanctions at the conclusion of the hearing. After the hearing, the trial court issued an order in which it criticized the merits of the complaint and Burns' counsel's role in causing the hearing delay. The court imposed a $360.00 sanction. This appeal follows.

## DISCUSSION

■ "The imposition of sanctions is generally entrusted to the sound discretion of the Circuit Court." *Downey v. Dixon,* 294 S.C. 42, 45, 362 S.E.2d 317, 318 (Ct.App.1987). Burns argues the trial court abused its discretion by awarding three-hundred sixty dollars ($360.00) in sanctions to opposing counsel.

The trial court's order stated that the complaint was poorly drafted and too general. The trial court further noted that counsel was given three different opportunities to amend the complaint and failed to do so.[2] The order further stated that "the circumstances under which this Motion came before this court on July 9, support Defendants' request and motion for sanctions. Accordingly, I ORDER that Plaintiff's counsel pay to the McNair Law Firm, P.A. Three hundred sixty and no/100 dollars ($360.00) for the reasons set forth above." The order finally stated that *"based on all of the circumstances* concerning this motion," sanctions were proper. (Emphasis added.)

Based on the language in the trial court's order, and the record before us, it is not clear whether the court intended to penalize behavior which delayed the July 9 hearing, or whether the court intended to impose a sanction under Rule 11, SCRCP. In either case, we find the trial court abused its discretion.

Rule 11, SCRCP, provides in pertinent part:

The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other

---

2. We note that Burns' counsel of record on appeal did not draft the original complaint.

paper; that to the best of his knowledge, information and belief there is good ground to support it; and that it is not interposed for delay.... If a pleading, motion, or other paper is signed in violation of this Rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee. Rule 11(a), SCRCP.

 Under this Rule, an attorney may be sanctioned for filing a frivolous pleading, motion, or other paper, or for making frivolous arguments. *See Link v. School Dist. of Pickens County*, 302 S.C. 1, 393 S.E.2d 176 (1990). The attorney may also be sanctioned for filing a pleading, motion, or other paper in bad faith (i.e., to cause unnecessary delay) whether or not there is good ground to support it. *See Johnson v. Dailey*, 318 S.C. 318, 457 S.E.2d 613 (1995).

 The issue in this context is whether the trial court abused its discretion by imposing a sanction without affording Burns' counsel notice or an opportunity to respond. We find the failure to afford these procedural protections resulted in an abuse of discretion.

Rule 11, SCRCP, provides little guidance as to the procedural guidelines to be followed prior to the imposition of sanctions under the rule. The rule merely provides that where a violation occurs, the court, upon motion or its own initiative, may impose appropriate sanctions. Further, our courts have never addressed the procedural protections afforded in this context. However, we find guidance in the decisions of federal and state courts construing similar versions of the rule.

The state rule is based upon the language of the pre–1983 version of Federal Rule 11. The federal rule was amended in 1983 and again in 1993 to alter the requirements imposed on the signing party/attorney. The 1993 amendment also specifically calls for "notice and a reasonable opportunity to respond" prior to the imposition of sanctions under the rule. Nevertheless, prior to the 1993 amendment, federal courts

read due process protections into the rule to provide the signing party/attorney with notice and an opportunity to respond prior to imposition of sanctions under the rule. *See Hudson v. Moore Business Forms, Inc.*, 898 F.2d 684 (9th Cir.1990); *Media Duplication Servs., Ltd. v. HDG Software, Inc.*, 928 F.2d 1228 (1st Cir.1991); *Tom Growney Equip., Inc. v. Shelley Irrigation Dev., Inc.*, 834 F.2d 833 (9th Cir.1987).

Additionally, the North Carolina Supreme Court, interpreting its version of Rule 11 which is similar to the post–1983 version of Federal Rule 11, recognized that "[n]otice and an opportunity to be heard prior to depriving a person of his property are essential elements of due process of law which is guaranteed by the Fourteenth Amendment of the United States Constitution." *Griffin v. Griffin*, 348 N.C. 278, 500 S.E.2d 437, 438 (1998) (quoting *McDonald's Corp. v. Dwyer*, 338 N.C. 445, 450 S.E.2d 888, 891 (1994)). In *Griffin*, the Supreme Court found prior notice inadequate where the trial court sua sponte imposed Rule 11 sanctions on other grounds. The court stated: "In order to pass constitutional muster, the person against whom sanctions are to be imposed must be advised in advance of the charges against him." *Id.* at 439. *See also Polygenex Int'l, Inc., v. Polyzen, Inc.*, 133 N.C.App. 245, 515 S.E.2d 457 (1999) (The trial court imposed individual sanctions against a person that verified a complaint in his capacity as a corporate officer. The North Carolina Court of Appeals vacated the sanction order as to the corporate officer, determining that he was not made a party to the underlying action and was denied notice and an opportunity to be heard.)

■ We hold that a signing party or attorney is entitled to notice and an opportunity to respond prior to imposition of sanctions under Rule 11, SCRCP. We find no evidence that Burns' counsel was provided either notice or an opportunity to respond on the issue of sanctions under Rule 11. Therefore, the trial court abused its discretion by issuing sanctions against Burns' counsel without affording these procedural protections.

■ Additionally, while the court had the authority to hold Burns' counsel in contempt for his behavior before the court, we can find no such specific finding of contempt. A decision regarding contempt should be reversed only if without evidentiary support or the trial judge abused his discre-

tion. "Contempt results from the willful disobedience of a court order." *Henderson v. Henderson,* 298 S.C. 190, 197, 379 S.E.2d 125, 129 (1989). Also, conduct which tends to bring authority and the administration of the law into disrespect constitutes "contemptuous behavior." *Stone v. Reddix–Smalls,* 295 S.C. 514, 516, 369 S.E.2d 840 (1988). However, this contemptuous conduct must be clearly and specifically reflected in the record. *Brasington v. Shannon,* 288 S.C. 183, 341 S.E.2d 130 (1986).

The trial court's order on this issue is vague, and the trial court did not properly explain the basis for the sanctions imposed. Burns' counsel requested a continuance which was denied. The trial court ordered counsel to be ready to proceed with argument later that afternoon, and counsel arranged for an associate to be present and proceed with argument. We can find no specific behavior in violation of a court order or which the trial court identified as disrespectful of the court's authority.

Accordingly, we reverse the trial court's order for sanctions whether grounded on a Rule 11 violation or a direct finding of contempt.

**REVERSED.**

GOOLSBY and HUFF, JJ., concur.