JOSEPH GARNER, Plaintiff,
v.
PATRICIA SMITH and ALAN SHELOR REAL ESTATE, INC., Defendants.
No. COA08-1117
Court of Appeals of North Carolina
Filed April 21, 2009
This case not for publication
Narron & Holdford, P.A., by Johnathan M. Vanden Bosch and Robert C. M. Rountree, for plaintiff-appellant.
Mason & Mason, P.A., by L. Patten Mason, for defendant-appellees.
BRYANT, Judge.
Joseph Garner (plaintiff) appeals from an order dated 6 June 2008 granting Patricia Smith (Smith) and Alan Shelor Real Estate, Inc.'s (defendants) request for Rule 11 Sanctions. We affirm.

Facts
In 2005, plaintiff was joint owner with Michael Field (Field) of A.B. Properties, a corporation whose sole asset was an office building located at 117 East Fort Macon Road in Atlantic Beach, North Carolina. During this time, plaintiff and Field were in the process of negotiating plaintiff's purchase of Field's interest in A.B. Properties.
Defendant Smith and her business partner, Alan Shelor, were real estate agents who sought to find a new office location for their business. Through another real estate agent, Smith was made aware that the building owned by A.B. Properties may be for sale. In October of 2005, after viewing the building, defendant Smith and Shelor met with plaintiff and agreed to make a written offer to purchase the building for $400,000. A written contract was prepared and signed by Smith and Shelor, then submitted to Field, who signed it, then submitted to plaintiff, who rejected it. Subsequently, Smith made a verbal offer of $450,000 but that offer was rejected as well. When the second offer was rejected, Smith prepared another written offer to purchase for $500,000. Smith signed the contract with her name and with Shelor's name. However, when Smith presented the contract to plaintiff, he rejected it. Smith also contacted Field's attorney and advised him that she and Shelor were willing to pay $500,000 for the property.
In November of 2005, plaintiff and Field completed negotiations through their attorneys for the transfer of Field's interest in A.B. properties to plaintiff, and Field transferred his interest for $249,084.00.
One year after Field transferred his interest in A.B. Properties to plaintiff, plaintiff approached Smith and threatened to sue Smith and Shelor. Plaintiff believed he had to pay more money to Field than initially offered to buy Field's one-half-interest in A.B. Properties because of Smith's offers to purchase the building.
On 10 November 2006, plaintiff filed a complaint with the North Carolina Real Estate Commission against Smith, Catherine Reid (Smith's daughter) and Samer Hamad, Smith's real estate agent. On 19 April 2007, plaintiff filed a complaint in Carteret County Superior Court against Smith alleging fraud, intentional interference with contract, libel, punitive damages, and unfair and deceptive trade practices under N.C. Gen. Stat. §75-1. On 20 June 2007, defendant filed an Answer, Motion to Dismiss, and Motion for Rule 11 Sanctions. On 11 April 2008, defendants filed a Motion for Summary Judgment. The trial court granted summary judgment on 7 May 2008. Then, on 6 June 2008, following a hearing on Defendants' Motion for Rule 11 Sanctions, the trial court imposed Rule 11 sanctions against plaintiff. Plaintiff appeals the order allowing Rule 11 Sanctions.
On appeal, plaintiff contends the trial court erred in allowing Rule 11 sanctions when it concluded that plaintiff's complaint was: (I) factually insufficient; (II) legally insufficient; (III) brought for an improper purpose; and (IV) the trial court erred in denying plaintiff's motion to dismiss or in granting defendant's motion for Rule 11 sanctions against the plaintiff.

I
Pursuant to N.C. Gen. Stat. § 1A-1, Rule 11:
Every pleading . . . shall be signed by at least one attorney of record . . . [which] constitutes a certificate by him that he has read the pleading, . . . [and] that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law . . . and that it is not interposed for any improper purpose[.] . . . If a pleading . . . is signed in violation of this rule, the court . . . shall impose upon the person who signed it, a represented party, or both, an appropriate sanction . . . .
N.C. Gen. Stat. § 1A-1, Rule 11(a) (2007). "There are three parts to a Rule 11 analysis: (1) factual sufficiency, (2) legal sufficiency, and (3) improper purpose. A violation of any one of these requirements mandates the imposition of sanctions under Rule 11." Static Control Components, Inc. v. Vogler, 152 N.C. App. 599, 603, 568 S.E.2d 305, 308 (2002).
A reviewing court will review a trial court's decision to impose mandatory sanctions "de novo as a legal issue." Id. (citing Turner v. Duke University, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989), disc. review denied, 329 N.C. 505, 407 S.E.2d 552 (1991)). On appeal, the court must determine if "(1) the trial court's findings of fact are supported by sufficient evidence; (2) these findings support the court's conclusions of law; and (3) the conclusions of law support the judgment." Id. (citing Polygenex Int'l., Inc. v. Polyzen, Inc., 133 N.C. App. 245, 249, 515 S.E.2d 457, 460 (1999)). Once the reviewing court determines that imposing a particular sanction is appropriate then the sanction imposed is reviewed under an "abuse of discretion" standard. Turner, 324 N.C. at 165, 381 S.E.2d at 714. When analyzing the factual sufficiency of a pleading, the court must determine "(1) whether the plaintiff undertook a reasonable inquiry into the facts and (2) whether the plaintiff, after reviewing the results of his inquiry, reasonably believed that his position was well grounded in fact." Page v. Roscoe, LLC, 128 N.C. App. 678, 681-82, 497 S.E.2d 422, 425 (1998) (citation omitted). In the present case, the trial court found that plaintiff's complaint was factually insufficient with regard to plaintiff's claim of fraud and tortious interference with contract.
As to plaintiff's cause of action for tortious interference with contract, plaintiff did not have a reasonable belief the position was well grounded in fact because plaintiff knew there was no contract in place.
As to plaintiff's allegations of fraud, the trial court found the cause of action was factually insufficient. The essential elements to a claim of actual fraud include: "(1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." Forbis v. Neal, 361 N.C. 519, 526-27, 649 S.E.2d 382, 387 (2007) (citation omitted).
Plaintiff alleged in his complaint that he was deceived by Smith on Friday, 28 October 2005 when Smith misrepresented that Shelor was making an offer on the building by presenting a purchase offer to plaintiff signed with Shelor's name. However, in his complaint filed with the North Carolina Real Estate Commission, plaintiff stated that on Friday, 28 August 2005:
Patricia Smith came unannounced to my home on Friday evening, again begging and crying for me to sell her the building. I again told her I would not sell my interest, as I had told her & Alan Shelor from the very beginning. She asked that I give it some thought, and left with me a contract with an offering price of $500,000 signed by herself and Alan Shelor. As I knew Alan was out of the country, I knew that he did not sign this contract.

(emphasis added). In his complaint to the Real Estate Commission, plaintiff also stated that on Sunday, 6 November 2005:
I talked with Alan Shelor at the office building, including the events of the previous month. He apologized for the actions of his partner, he also said that he did not sign the contract that was prepared by Patricia, which I knew, and that after the first offer for $400,000 he was no longer interested in buying the property, and that she knew that.
(emphasis added). As is evident from the complaint plaintiff filed with the Real Estate Commission, plaintiff was not deceived by Smith's allegedly false representation of the offer to purchase. Plaintiff twice stated that he knew Shelor did not sign the written offer and did not rely to his detriment on the offer. Plaintiff failed to establish one of the essential elements of fraud  that he was in fact deceived by Smith's false representation. The trial court's finding that plaintiff was not deceived by Smith's misrepresentation and did not rely on the misrepresentation to his detriment was supported by sufficient evidence and the findings supported the trial court's conclusion that plaintiff did not reasonably believe that his position was well grounded in fact. See Page, 128 N.C. App. at 681-82, 497 S.E.2d at 425. Therefore, the trial court properly concluded that plaintiff's complaint lacked factual sufficiency and that imposition of Rule 11 sanctions against plaintiff were appropriate.

II & III
Because we conclude the trial court properly determined plaintiff's claim lacked factual sufficiency thereby violating Rule 11, we decline to address the remaining prongs  legal sufficiency and improper purpose  of a Rule 11 analysis. See Static Control Components, 152 N.C. App. at 603, 568 S.E.2d at 308 ("A violation of any one of these requirements mandates the imposition of sanctions under Rule 11."); see also Dodd v. Steele, 114 N.C. App. 632, 635, 442 S.E.2d 363, 365 (1994) (declining to address other Rule 11 requirements after finding plaintiff violated legal sufficiency requirement).

IV
In his final argument, plaintiff contends the trial court erred by denying his motion to dismiss defendants' Rule 11 motion or by granting defendants' Rule 11 motion. Specifically, plaintiff contends defendants' affidavit submitted in support of the Rule 11 motion should not have been considered because it violated N.C. Gen. Stat. § 1A-1, Rule 6(d) (2007).
Rule 6(d) requires that "[w]hen a motion is supported by affidavit, the affidavit shall be served with the motion[.]" Id. "Pursuant to Rule 6(d), the trial court is empowered with discretion as [to] whether to allow affidavits to be filed subsequent to the filing of a motion." Lane v. Winn-Dixie Charlotte, Inc., 169 N.C. App. 180, 184, 609 S.E.2d 456, 458 (2005). We review the trial court's ruling for abuse of discretion. Id.
Defendants moved for Rule 11 sanctions in their 20 June 2007 answer to plaintiff's complaint. On 16 May 2008, defendants faxed an affidavit in support of the Rule 11 motion to plaintiff  three days prior to the hearing. At the hearing on 19 May 2008, plaintiff objected to the affidavit on the basis that it was not filed contemporaneously with the motion as required by Rule 6(d). The trial court offered to postpone the hearing until later in the week, but plaintiff's counsel declined.
Here, the record discloses that the trial court gave plaintiff the opportunity to postpone the hearing in order to present material necessary to oppose defendants' motion. However, plaintiff declined the opportunity and proceeded with the hearing. Therefore, we can not say the trial court abused its discretion in denying plaintiff's request to strike defendants' affidavit. This assignment of error is overruled.
For the reasons stated herein, we affirm the order of the trial court.
AFFIRMED
Judges ELMORE and STEELMAN concur.
Report per Rule 30(e).