**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Gary Weaver, BEA Wallenstein, and B.E.A. Wallenstein Hospice Inter Vivos Trust, Plaintiffs,

Of whom Gary Weaver is the Appellant,

v.

Progress Energy Carolinas, Inc., William Johnson, and John Does 1-20, Respondents.

Appellate Case No. 2010-151966

Appeal From Dillon County
J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2013-UP-347
Submitted August 1, 2013 – Filed September 4, 2013

**AFFIRMED**

Gary Weaver, pro se, of Little Rock.

Mark W. Buyck, III, of Willcox Buyck & Williams, P.A., of Florence, for Respondents.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred by imposing Rule 11(a), SCRCP, sanctions on Weaver and threatening to hold him in criminal contempt if he failed to pay attorney's fees to Progress Energy: *Runyon v. Wright*, 322 S.C. 15, 19, 471 S.E.2d 160, 162 (1996) ("The imposition of [Rule 11, SCRCP] sanctions, however, will not be disturbed on appeal absent a clear abuse of discretion by the lower court. An abuse of discretion may be found if the conclusions reached by the lower court are without reasonable factual support." (internal citation omitted)); Rule 11(a), SCRCP (stating the circuit court may impose appropriate sanctions, including a reasonable attorney's fee, upon its own initiative); *Burns v. Universal Health Servs. Inc.*, 340 S.C. 509, 513, 532 S.E.2d 6, 9 (Ct. App. 2000) (stating that under Rule 11(a), SCRCP, a party "may be sanctioned for filing a frivolous pleading, motion, or other paper, or for making frivolous arguments"); *Poston v. Poston*, 331 S.C. 106, 111, 502 S.E.2d 86, 88 (1998) (indicating a circuit court may threaten a party with criminal contempt "to preserve the court's authority and to punish for disobedience of its orders").

2. As to whether the circuit court erred in finding res judicata barred Weaver's lawsuit against Progress Energy: *Pye v. Aycock*, 325 S.C. 426, 432, 480 S.E.2d 455, 458 (Ct. App. 1997) ("The doctrine of res judicata bars a litigant from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit."); *Riedman Corp. v. Greenville Steel Structures, Inc.*, 308 S.C. 467, 469, 419 S.E.2d 217, 218 (1992) ("*Res judicata* also bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties."); Rule 41(b), SCRCP ("Unless the [circuit] court in its order for dismissal otherwise specifies, a dismissal under this subdivision and *any dismissal not provided for in this rule*, other than a dismissal for lack of jurisdiction or for improper venue or for failure to join a party under Rule 19, *operates as an adjudication upon the merits*." (emphasis added)).

3. As to Weaver's arguments concerning abuse of process: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address appellant's remaining issues when its determination of a prior issue is dispositive); *Judy v. Judy*, 383 S.C. 1, 10, 677 S.E.2d 213, 218 (Ct. App. 2009) ("We do not reach this issue because our ruling on

the applicability of res judicata disposes of this appeal." (citing *Futch*, 335 S.C. at 613, 518 S.E.2d at 598)).

**AFFIRMED.**[1]

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.