**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

1634 Main, LP, Appellant,

v.

Shirley Hammer, Respondent,

v.

Howard Hammer, Appellant,

and

Howard Hammer, Appellant,

v.

Shirley Hammer, Respondent.

Appellate Case No. 2014-000965

———————

Appeal from Richland County
The Honorable Joseph M. Strickland, Master-in-Equity,

———————

Memorandum Opinion No. 2014-MO-045
Heard October 22, 2014 – Filed November 6, 2014

———————

**AFFIRMED IN PART AND REVERSED IN PART**

———————

Thomas W. Bunch, II, of Robinson McFadden & Moore, PC, of Columbia, and Arthur K. Aiken, of Aiken & Hightower, P.A., of Columbia, for Appellants.

Desa A. Ballard, of Ballard & Watson, Attorneys at Law, of West Columbia, for Respondent.

---

**PER CURIAM:** Howard Hammer and 1634 Main, LP (collectively, Appellants) appeal the order of the master-in-equity transferring various properties to Shirley Hammer in satisfaction of the judgments she has against Appellants. Specifically, Appellants argue the master lacked personal jurisdiction due to improper service and lacked the authority to require the transfer title to real property to Shirley and Howard also contends the imposition of sanctions against him was improper because the master failed to comply with the provisions of the South Carolina Frivolous Civil Proceedings Sanctions Act (FCPSA). We affirm in part pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1. Personal Jurisdiction: Rule 5, SCRCP (providing that service of "all (1) written orders; (2) pleadings subsequent to the original summons and complaint . . . ; and (11) other similar papers" shall be served "upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address . . . .").

2. Authority to Transfer Title to Real Property: S.C. Code Ann. § 15-39-10 (2005) ("There shall be three kinds of executions, (a) against the property of the judgment debtor, (b) against his person and (c) for the delivery of the possession of real or personal property or such delivery with damages for withholding the property. They shall be deemed the process of the court."); *Lynn v. Int'l Bhd. of Firemen & Oilers*, 228 S.C. 357, 362, 90 S.E.2d 204, 206 (1955) ("Proceedings supplementary to execution, in addition to providing for examination of the judgment debtor for the purpose of discovering property out of which the judgment against him may be satisfied, furnish a means of reaching, in aid of the judgment, property beyond the reach of an ordinary execution . . . ."); *see also* 30 Am. Jur. 2d Executions, Etc. §

12 ("A court of equity will always find the means of enforcing its decree against a delinquent defendant and its power in this respect is as extensive as the exigencies of the case.").

Additionally, we reverse the award of sanctions pursuant to Rule 220(b)(1), SCACR, and the following authorities: S.C. Code Ann. § 15-36-10(D) (Supp. 2013) ("A person is entitled to notice and an opportunity to respond before the imposition of sanctions pursuant to the provisions of [the FCPSA]."; *Burns v. Universal Health Servs. Inc.*, 340 S.C. 509, 514, 532 S.E.2d 6, 9 (Ct. App. 2000) ("We hold that a signing party or attorney is entitled to notice and an opportunity to respond prior to imposition of sanctions under Rule 11, SCRCP."). However, we note our reversal is without prejudice as to allow Shirley to raise this issue before the master in the subsequent accounting proceeding. Furthermore, we order Howard to file a financial disclosure of all his assets and income with the master within fifteen days of the filing of this opinion.

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**