**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Charles Taylor, Appellant,

v.

Stop 'N' Save, Inc., d/b/a El Cheapo Plus #7 and Roy Rahal, Respondents.

Appellate Case No. 2015-002481

———————

Appeal From Sumter County
George C. James, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-249
Submitted May 1, 2017 – Filed June 21, 2017

———————

**AFFIRMED**

———————

Charles Taylor, of Sumter, pro se.

Gray Thomas Culbreath, James E. Brogdon, III, and Jessica Ann Waller, all of Gallivan, White & Boyd, PA, of Columbia; Randy J. Soriano, of Bryan Cave, LLP, of St. Louis, MO; and Julia Fenwick Ost, of Bryan Cave, LLP, of Atlanta, Georgia, all for Respondents.

———————

**PER CURIAM:** Charles Taylor, pro se, appeals the circuit court's order granting summary judgment in favor of Stop 'N' Save, Inc., d/b/a El Cheapo Plus #7 and

Roy Rahal (collectively Respondents).  Taylor argues the circuit court erred by (1) refusing to grant summary judgment for his gross negligence claim; (2) refusing to grant summary judgment for his intentional infliction of emotional distress (IIED) claim; (3) granting Respondents' summary judgment motion; (4) denying his motion for sanctions; (5) denying his motion to amend his pleadings; and (6) holding in abeyance Respondents' motion to dismiss for vexatious litigation and sanctions.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to issues one and two, we find the order was not appealable. *See Olson v. Faculty House of Carolina, Inc.*, 354 S.C. 161, 168, 580 S.E.2d 440, 444 (2003) ("[T]he denial of a motion for summary judgment is not appealable, even after final judgment.").

2.  As to issue three, we find the circuit court did not err in granting Respondents' motion for summary judgment.  *See Turner v. Milliman*, 392 S.C. 116, 121-22, 708 S.E.2d 766, 769 (2011) ("When reviewing a grant of summary judgment, appellate courts apply the same standard applied by the trial court pursuant to Rule 56(c), SCRCP."); *id.* at 122, 708 S.E.2d at 769 ("Summary judgment is appropriate when the pleadings, depositions, affidavits, and discovery on file show there is no genuine issue of material fact such that the moving party must prevail as a matter of law."); *Harbit v. City of Charleston*, 382 S.C. 383, 389-90, 675 S.E.2d 776, 779 (Ct. App. 2009) ("In determining whether any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party."); *Hedgepath v. AT&T*, 348 S.C. 340, 355, 559 S.E.2d 327, 336 (Ct. App. 2001) ("[W]hen plain, palpable, and indisputable facts exist on which reasonable minds cannot differ, summary judgment should be granted."); *Carolina Alliance for Fair Emp't v. S.C. Dep't of Labor, Licensing, & Regulation*, 337 S.C. 476, 485, 523 S.E.2d 795, 799 (Ct. App. 1999) ("The party seeking summary judgment has the initial burden of demonstrating the absence of a genuine issue of material fact."); *id.* at 485, 523 S.E.2d at 799-800 ("Once the party moving for summary judgment meets this initial burden, the non-moving party cannot simply rest on the mere allegations or denials contained in the pleadings."); *id.* at 485, 523 S.E.2d at 800 ("Rather, the non-moving party must come forward with specific facts showing there is a genuine issue for trial.").

3.  As to issue four, we find the circuit court properly denied Taylor's motion for sanctions because Taylor is not a prevailing party, and the record reflects no

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

grounds for sanctions against Respondents or their counsel. *See Se. Site Prep, LLC v. Atl. Coast Builders & Contractors, LLC*, 394 S.C. 97, 104, 713 S.E.2d 650, 653 (Ct. App. 2011) ("The determination of whether attorney's fees should be awarded under Rule 11 [of the South Carolina Rules of Civil Procedure] or under the [South Carolina Frivolous Civil Proceedings Sanctions] Act [(the Act)][2] is treated as one in equity. . . . In an action in equity tried by the judge alone, the appellate court has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence." (citation omitted)); *Burns v. Universal Health Servs., Inc.*, 340 S.C. 509, 513, 532 S.E.2d 6, 9 (Ct. App. 2000) ("[A]n attorney may be sanctioned [pursuant to Rule 11] for filing a frivolous pleading, motion, or other paper, or for making frivolous arguments."); *id.* ("The attorney may also be sanctioned for filing a pleading, motion, or other paper in bad faith (i.e., to cause unnecessary delay) whether or not there is good ground to support it."); S.C. Code Ann. § 15-36-10 (Supp. 2016) (explaining an attorney may be sanctioned for "filing a frivolous pleading, motion, or document" or a pleading "interposed for merely delay, or merely brought for any purpose other than securing proper discovery, joinder of parties, or adjudication of the claim or defense upon which the proceedings are based"); § 15-36-10(C)(1) (providing the circuit court shall determine if a claim or defense is frivolous under the Act at the conclusion of a trial or a case that has been dismissed "upon the motion of *the prevailing party*" (emphasis added)).

4. As to issue five, we agree with the circuit court's determination that any amendment to the pleadings would have been futile because U-Haul International was not a proper party to the action. Therefore, we find the circuit court did not err in denying Taylor's motion to amend his pleadings. *See Pruitt v. Bowers,* 330 S.C. 483, 489, 499 S.E.2d 250, 253 (Ct. App. 1998) ("It is well established that a motion to amend is addressed to the sound discretion of the trial judge, and that the party opposing the motion has the burden of establishing prejudice."); *City of N. Myrtle Beach v. Lewis-Davis*, 360 S.C. 225, 232, 599 S.E.2d 462, 465 (Ct. App. 2004) ("Courts have wide latitude in amending pleadings and '[w]hile this power should not be used indiscriminately or to prejudice or surprise another party, the decision to allow an amendment is within the sound discretion of the trial court and will rarely be disturbed on appeal.'" (quoting *Berry v. McLeod*, 328 S.C. 435, 450, 492 S.E.2d 794, 802 (Ct. App. 1997))); Rule 15(a), SCRCP ("[A] party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires and does not prejudice any other party."); *Jennings v. Jennings,* 389 S.C. 190, 209, 697 S.E.2d 671, 681 (Ct. App. 2010) ("Although leave to amend should generally be 'freely given,' this court

---

[2] S.C. Code Ann. § 15-36-10 & -100 (Supp. 2016).

has held that it may be denied where the proposed amendment would be futile."), *rev'd on other grounds,* 401 S.C. 1, 736 S.E.2d 242 (2012).

5.  As to issue six, we find this issue is not properly before the court.  *See* Rule 201(a), SCACR ("Appeal may be taken, as provided by law, from any final judgment, appealable order or decision."); *Adickes v. Allison & Bratton*, 21 S.C. 245, 259 (1884) ("Any judgment or decree, leaving some further act to be done by the court before the rights of the parties are determined, is interlocutory; but if it so completely fixes the rights of the parties that the court has nothing further to do in the action, then it is final."); *Mid-State Distribs., Inc. v. Century Imps., Inc.*, 310 S.C. 330, 335, 426 S.E.2d 777, 780 (1993) ("South Carolina case law has established what constitutes an interlocutory appeal.  If there is some further act which must be done by the court prior to a determination of the rights of the parties, then the order is interlocutory."); S.C. Code Ann. § 14-3-330(4) (2017) (explaining only interlocutory orders "granting, continuing, modifying, or refusing an injunction or granting, continuing, modifying, or refusing the appointment of a receiver" are appealable); *Blackwell v. Fulgum*, 375 S.C. 337, 345, 652 S.E.2d 427, 431 (Ct. App. 2007) ("[T]he very definition of 'abeyance' is that of 'temporary inactivity' or 'suspension.'" (quoting Black's Law Dictionary 4 (7th ed.1999))).[3]

**AFFIRMED.**

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[3] To the extent Taylor argues the circuit court erred in failing to rule on Respondents' motion to dismiss for vexatious litigation and sanctions, we note he is not aggrieved by the circuit court's refusal to rule on the opposing party's motion. *See* Rule 201(b), SCACR ("Only a party aggrieved by an order, judgment, sentence or decision may appeal.").  To the extent Taylor argues the circuit court erred in not awarding him vexatious litigation sanctions, we addressed this issue in section three, *supra.*